1                  UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF NEW YORK
2

3    ------------------------------------X
                                         :
4    UNITED STATES OF AMERICA,           :
                                         :   19-CR-00139 (RJD)
5                                        :
               v.                        :
6                                        :   225 Cadman Plaza
     ANDRE WILBURN,                      :   Brooklyn, New York
7                                        :
               Defendant.                :   October 24, 2019
8    ------------------------------------X

9
             TRANSCRIPT OF CRIMINAL CAUSE FOR GUILTY PLEA
10              BEFORE THE HONORABLE LOIS BLOOM
                UNITED STATES MAGISTRATE JUDGE
11

12   APPEARANCES:

13   For the Government:          VIRGINIA NGUYEN, ESQ.
                                  United States Attorney's Office
14                                Eastern District of New York
                                  271 Cadman Plaza East
15                                Brooklyn, New York 11201

16   For the Defendant:           JAMES DARROW, ESQ.
                                  Federal Defenders of New York
17                                One Pierrepont Plaza
                                  16th Floor
18                                Brooklyn, New York 11201

19
     Court Transcriber:           RUTH ANN HAGER, C.E.T.**D-641
20                                TypeWrite Word Processing Service
                                  211 North Milton Road
21                                Saratoga Springs, New York 12866

22

23

24

25


     Proceedings recorded by electronic sound recording, transcript
     produced by transcription service.

2

1  (Proceedings began at 1:46 p.m.)

2           THE CLERK:  Criminal cause for guilty plea, docket

3  number 19-CR-00139, United States of America v. Andre Wilburn.

4  Counsel, please state your appearances for the record.

5           MS. NGUYEN:  Good afternoon, Your Honor.  Virginia

6  Nguyen appearing on behalf of the United States.

7           MR. DARROW:  Good afternoon.  James Darrow, Federal

8  Defenders of New York, for Mr. Wilburn, who is present to my

9  left, Your Honor.

10          THE CLERK:  The Honorable Lois Bloom presiding.

11          THE COURT:  Good afternoon, Mr. Wilburn.

12          THE DEFENDANT:  Good afternoon, Your Honor.

13          THE COURT:  Mr. Wilburn, as you may know, this case

14 has been assigned to Judge Dearie and he is the judge who will

15 make the ultimate decision as to whether or not he should

16 accept your guilty plea.  And if he does accept your guilty

17 plea, he will sentence you.  You have the absolute right to

18 have Judge Dearie listen to your plea without any prejudice to

19 you.  Do you understand?

20          THE DEFENDANT:  Yes.

21          THE COURT:  If you wish, I will listen to your plea

22 today and a transcript will be made and Judge Dearie will

23 review the transcript in connection with your sentence.  So

24 these proceedings are being digitally sound-recorded.  I need

25 you to answer all questions with your voice loudly so that

3

1   your answer will be reflected on the Court's record.  Do you

2   understand?

3           THE DEFENDANT:  Yes, Your Honor.

4           THE COURT:  I have before me, Mr. Wilburn, a form

5   reflecting that you have consented to have me hear your plea.

6   I am going to pass it forward and have my law clerk show it to

7   you and I'm going to ask, is this your signature on the

8   consent form?  Is that your signature, Mr. Wilburn?

9           THE DEFENDANT:  Yes, Your Honor.

10          THE COURT:  And did you discuss this form with your

11  attorney before you signed it?

12          THE DEFENDANT:  Yes, I did.

13          THE COURT:  And did you understand the form?

14          THE DEFENDANT:  Yes, I understand the form.

15          THE COURT:  Mr. Wilburn, do you give your consent to

16  have me hear your plea voluntarily and of your own free will?

17          THE DEFENDANT:  Yes.

18          THE COURT:  Have any threats or promises been made

19  to you to induce you to agree to have me take your plea here

20  today?

21          THE DEFENDANT:  No.

22          THE COURT:  Then I am going to sign this and I note

23  that Mr. Darrow, although he has a small signature, has signed

24  the form, as has Ms. Nguyen, and it is dated 10/24, today.

25          Mr. Wilburn, I'm advised by your attorney that you

4

1   wish to plead guilty to two counts in the indictment:  Count

2   II, access device fraud; and Count VI, aggravated identity

3   theft.  Is that correct that you wish to plead guilty to these

4   counts in the indictment?

5           THE DEFENDANT:  Yes.

6           THE COURT:  This is a serious decision and the Court

7   must be certain that you understand your rights and the

8   consequences of your plea.  I'll explain certain matters to

9   you and ask you to answer certain questions.  If I say

10  anything that you do not understand, please tell me and I'll

11  reword the question.  Is that clear?

12          THE DEFENDANT:  Yes.

13          THE COURT:  Will the clerk please swear the

14  defendant?

15          THE CLERK:  Mr. Wilburn, please raise your right

16  hand.

17                    ANDRE WILBURN, Sworn

18          THE COURT:  Thank you, Mr. Wilburn.  Can you --

19  you've just taken an oath to tell the truth.  Do you

20  understand that if you answer any of the questions I ask you

21  falsely your answers may later be used against you in another

22  criminal prosecution for perjury or for making a false

23  statement?

24          THE DEFENDANT:  Yes.

25          THE COURT:  What is your full name, sir?

1          THE DEFENDANT:  Andre Wilburn.

2          THE COURT:  And how old are you?

3          THE DEFENDANT:  Thirty-four.

4          THE COURT:  And what schooling or education have you

5   had, Mr. Wilburn?

6          THE DEFENDANT:  I attended Morris High School in the

7   Bronx.

8          THE COURT:  Did you graduate?

9          THE DEFENDANT:  Yes.

10          THE COURT:  Have you had any difficulty in

11   communicating with your attorney?

12          THE DEFENDANT:  No.

13          THE COURT:  And Mr. Darrow, have you had any

14   difficulty in communicating with Mr. Wilburn?

15          MR. DARROW:  No, Your Honor.

16          THE COURT:  Mr. Wilburn, are you presently or have

17   you recently been under the care of a doctor or a

18   psychiatrist?

19          THE DEFENDANT:  No.

20          THE COURT:  Have you ever been hospitalized or

21   treated for any mental illness?

22          THE DEFENDANT:  No.

23          THE COURT:  Have you ever been hospitalized or

24   treated for an addiction to drugs, alcohol or any other

25   substance?

6

1          THE DEFENDANT:  No.

2          THE COURT:  In the past 24 hours have you taken any

3   pills, medicine or drugs of any kind?

4          THE DEFENDANT:  Multi-vitamin.

5          THE COURT:  Anything besides multi-vitamin?

6          THE DEFENDANT:  No.

7          THE COURT:  In the past 24 hours have you taken --

8   have you drank any alcoholic beverage?

9          THE DEFENDANT:  No.

10         THE COURT:  Is your mind clear as you stand before

11  the Court today, sir?

12         THE DEFENDANT:  Yes, Your Honor.

13         THE COURT:  Do you understand the nature of these

14  proceedings today?

15         THE DEFENDANT:  Yes.

16         THE COURT:  Mr. Darrow, have you discussed the

17  question of a guilty plea with your client?

18         MR. DARROW:  Yes, Your Honor.

19         THE COURT:  In your view does he understand the

20  rights he would be waiving by pleading guilty?

21         MR. DARROW:  Yes, Your Honor.

22         THE COURT:  And is he capable of understanding the

23  nature of these proceedings?

24         MR. DARROW:  I believe he is, Your Honor.

25         THE COURT:  Do you have any doubts as to

7

1  Mr. Wilburn's competency to proceed today?

2           MR. DARROW:  No doubts, Your Honor.

3           THE COURT:  Have you advised Mr. Wilburn of the

4  penalties that can be imposed and discussed the applicable

5  sentence and considerations including the sentencing

6  guidelines with him?

7           MR. DARROW:  Yes, Your Honor.

8           THE COURT:  Mr. Wilburn, have you had an opportunity

9  to discuss your case with your attorney?

10          THE DEFENDANT:  Yes, I have.

11          THE COURT:  And are you satisfied with the

12  assistance your attorney has given you thus far in this

13  matter?

14          THE DEFENDANT:  Yes.

15          THE COURT:  Mr. Wilburn, have you received a copy of

16  the indictment?

17          THE DEFENDANT:  I have.

18          THE COURT:  Have you consulted with your attorney

19  about the charges you will be pleading guilty to?

20          THE DEFENDANT:  Yes.

21          THE COURT:  Do you understand the charges against

22  you?

23          THE DEFENDANT:  Yes, I do.

24          THE COURT:  It is very important that you understand

25  that you have a right to plead not guilty to this indictment

8

1   and to persist in that plea?  Under the Constitution and laws

2   of the United States you would then have a right to a speedy

3   trial before a jury with the assistance of your attorney and

4   that trial would be a public trial.  Do you understand?

5              THE DEFENDANT:  Yes.

6              THE COURT:  You are presumed to be innocent and you

7   would not have to prove that you were innocent.  At trial the

8   burden is on the Government to prove beyond a reasonable doubt

9   that you are guilty of the crime charged.  Do you understand?

10             THE DEFENDANT:  Yes.

11             THE COURT:  On Count II, access device fraud, the

12  Government would have to prove beyond a reasonable doubt that

13  you knowingly and willfully and with intent to defraud use one

14  or more access devices, here credit cards, issued to another

15  person or persons during any one-year period and in doing so

16  you obtained anything of value amounting to $1,000 or more and

17  that interstate or foreign commerce was affected by your

18  actions.

19             On Count VI, aggravated identity theft, the

20  Government would have to prove beyond a reasonable doubt that

21  you knowingly used, transferred or possessed a means of

22  identification of another person to-wit, a credit card account

23  number, that you used the means of identification during and

24  in relation to the offense of access device fraud and that you

25  acted without lawful authority.

9

1          If the Government fails to present sufficient

2   evidence to prove the elements of these crimes as charged, the

3   jury would have the duty to find you not guilty.  Do you

4   understand?

5          THE DEFENDANT:  Yes.

6          THE COURT:  In the course of a trial witnesses for

7   the Government would have to come to court and testify in your

8   presence.  Your lawyer would have the right to cross-examine

9   these witnesses, to object to the evidence offered by the

10  Government and to offer evidence in your behalf.  You would

11  also have the right to compel the attendance of witnesses at

12  trial.  Do you understand?

13         THE DEFENDANT:  Yes.

14         THE COURT:  Although you have the right to testify

15  at a trial, you cannot be compelled to testify and incriminate

16  yourself.  If you decided not to testify, the Court would

17  instruct the jury that they could not hold that against you.

18  Do you understand?

19         THE DEFENDANT:  Yes, Your Honor.

20         THE COURT:  If you plead guilty, I will ask you

21  questions about what you did in order to satisfy myself that

22  you are guilty of the charge to which you seek to plead guilty

23  and you will have to answer my questions and acknowledge your

24  guilt.  Thus, you will be giving up the right that I have just

25  described.  That is, the right not to say anything that would

10

1   show that you are guilty of the crime with which you are

2   charged.  Do you understand?

3   THE DEFENDANT:  Yes.

4   THE COURT:  If you plead guilty and the Court

5   accepts your guilty plea you will be giving up your right to a

6   trial and all the other rights I have just discussed with you.

7   There will be no trial and the Court will simply enter a

8   judgment of guilty based on your plea.  Do you understand?

9   THE DEFENDANT:  Yes.

10  THE COURT:  Mr. Wilburn, are you willing to give up

11  your right to a trial and the other rights I have just

12  discussed with you?

13  THE DEFENDANT:  Yes, Your Honor.

14  THE COURT:  Is there an agreement pursuant to which

15  this plea is being offered, Ms. Nguyen?

16  MS. NGUYEN:  Yes, Judge.

17  THE COURT:  And is it this Plea Agreement that's

18  marked as Court Exhibit 1?

19  MS. NGUYEN:  Yes.

20  THE COURT:  Then I am going to hand this down to

21  you, Mr. Wilburn, and I'd like you to look at every page to

22  make sure it is the agreement you have reviewed and then

23  please tell me if it is your signature on Page 7.

24  THE DEFENDANT:  Okay.

25  THE COURT:  Ms. Nguyen, while they're looking at

1    this, I did not check the agreement that was handed out to see

2    that the date was changed.  This was originally scheduled for

3    a different date.  Was that changed in the agreement?

4         MS. NGUYEN:  It was, Your Honor.

5         THE COURT:  So the date that he is getting credit

6    for taking the plea, he's within the time that the Plea

7    Agreement sets?

8         MS. NGUYEN:  That is correct.

9         THE COURT:  Thank you.

10        THE DEFENDANT:  Um-hum.

11        THE COURT:  So again, I'm just going to ask.  Is

12   that your signature on Page 7 of the agreement?

13        THE DEFENDANT:  Yes.

14        THE COURT:  And is that the agreement that you

15   reviewed with your attorney before you signed?

16        THE DEFENDANT:  Yes, it is.

17        THE COURT:  And do you understand the agreement?

18        THE DEFENDANT:  Yes, I do.

19        THE COURT:  Even though you have gone through the

20   agreement with Mr. Darrow I am just going to summarize the

21   agreement for the purposes of today's proceeding.

22        You are pleading guilty to Counts II and VI of the

23   indictment charging you with the violation of Title XVIII,

24   United States Code, Section 1029(a)(5) and Title XVIII, United

25   States Code, Section 1028(A).

1          In exchange the Government agrees that no further

2     criminal charges will be brought against you for conspiracy to

3     commit access device fraud, access device fraud conspiracy to

4     commit wire fraud and wire fraud as charged in the indictment

5     from in or about and between April 2016 and July 2018, it

6     being understood that this agreement does not bar the use of

7     such conduct as a predicate act or as the basis for sentencing

8     enhancement in a subsequent prosecution.  Do you understand?

9          THE DEFENDANT:  Yes, Your Honor.

10          THE COURT:  If you plead guilty today an additional

11     one-level reduction will be warranted.  Do you understand?

12          THE DEFENDANT:  Yes.

13          THE COURT:  The United States Attorney -- the United

14     States Attorney Office will take no position concerning where

15     within the guidelines range determined by the Court your

16     sentence should fall and will make no motion for an upward

17     departure under the Sentencing Guidelines.  At the time of

18     sentence, the Office will move to dismiss the remaining counts

19     of the indictment with prejudice.  Do you understand?

20          THE DEFENDANT:  Yes.

21          MR. DARROW:  Your Honor, if I could just offer one

22     additional thing.

23          THE COURT:  Yes.

24          MR. DARROW:  The parties I think have stipulated

25     that within the meaning of that paragraph 5(b) restricting the

13

1   Government from arguing for an upward departure, that language

2   encompasses, we understand, a similar argument for an upward

3   variance within the guidelines.

4           THE COURT:  Is that correct, Ms. Nguyen?

5           MS. NGUYEN:  That is correct based on the legal

6   definition of upward departure.

7           THE COURT:  So that's now on the record.

8           MR. DARROW:  Thank you, Your Honor.

9           THE COURT:  Thank you.

10          Mr. Wilburn, you further agree not to file an appeal

11  or otherwise challenge the conviction or sentence in the event

12  that the Court imposes a term of imprisonment of 70 months or

13  below?  Do you understand?

14          THE DEFENDANT:  Yes, Your Honor.

15          THE COURT:  Should it be judged by the office that

16  you have violated any provision of the Plea Agreement, you

17  will not be released from your plea of guilty, but the Office

18  will be relieved of its obligations under this agreement.  Do

19  you understand?

20          THE DEFENDANT:  Yes.

21          THE COURT:  The agreement does not bind any federal,

22  state or local prosecuting authority, other than the United

23  States Attorneys Office, and does not prohibit the Office from

24  initiating or prosecuting any civil or administrative

25  proceedings directly or indirectly involving you.  Do you

1  understand that?

2          THE DEFENDANT:  Yes.

3          THE COURT:  Does the written agreement I've

4  summarized reflect your understanding of the agreement that

5  you've entered into with the Government?

6          THE DEFENDANT:  Yes, it does.

7          THE COURT:  Apart from any written proffer

8  agreements if applicable, as well as the promises contained in

9  the written agreement discussed here today, has anyone made

10  any other promise to you that has caused you to plead guilty?

11          THE DEFENDANT:  No.

12          THE COURT:  Has anyone made any promise to you as to

13  what your sentence will be?

14          THE DEFENDANT:  No.

15          THE COURT:  Mr. Wilburn, let me discuss the

16  consequences of your pleading guilty here today.  You're

17  pleading guilty to Counts II and VI of the indictment, as

18  we've just discussed.  Under Count II the statute that you are

19  pleading guilty to provides for a zero year minimum and a 15-

20  year maximum term of imprisonment.  Do you understand?

21          THE DEFENDANT:  Yes, Your Honor.

22          THE COURT:  There is a maximum supervised release

23  term of three years, which will follow any term of

24  imprisonment and if a condition of release is violated you may

25  be sentenced of up to two years without credit for pre-release

15

1   imprisonment or time previously served on post-release

2   supervision, even if the violation occurs close to the end of

3   the supervised period.  Do you understand?

4           THE DEFENDANT:  Yes.

5           THE COURT:  The maximum fine is $250,000 or twice

6   the pecuniary gain or loss.  Do you understand?

7           THE DEFENDANT:  yes.

8           THE COURT:  Restitution is mandatory and the full

9   amount of each victim's losses as determined by the Court.  Do

10  you understand?

11          THE DEFENDANT:  Yes.

12          THE COURT:  There is also $100 special assessment

13  that must be paid to the Court on or before the sentencing.

14  Do you understand?

15          THE DEFENDANT:  Yes.

16          THE COURT:  For Count VI, aggravated identity theft,

17  the statute you are pleading guilty to provides for a two-year

18  minimum and a two-year maximum term of imprisonment.  Do you

19  understand?

20          THE DEFENDANT:  Yes.

21          THE COURT:  There is a maximum supervised release

22  term of one year, which will follow any term of imprisonment,

23  and if a condition of release is violated you may be sentenced

24  of up to one year without credit for pre-release imprisonment

25  or time previously served on post-release supervision, even if

16

1  the violation occurs close to the end of the supervised

2  period.  Do you understand?

3            THE DEFENDANT:  Yes.

4            THE COURT:  The maximum fine is $250,000 or twice

5  the gross gain or gross loss.  Do you understand?

6            THE DEFENDANT:  Yes.

7            THE COURT:  Restitution is not applicable for this

8  count, but there is a $100 special assessment that must be

9  paid on or before the date of sentence.  Do you understand?

10           THE DEFENDANT:  Yes.

11           THE COURT:  Mr. Wilburn, if you are not a citizen of

12 the United States of America, because of the crime that you

13 are pleading guilty to, removal from the United States is

14 presumptively mandatory.  Removal and other immigration

15 consequences are the subject of a separate proceeding.

16 However, you must understand that no one, including your

17 attorney, the prosecutor or the district court can predict

18 with certainty the effect of your conviction on your

19 immigration status.  You must affirm that you understand that

20 if you are not a citizen of the United States of America, by

21 pleading guilty there will be mandatory immigration

22 consequences and you will be removed from the United States of

23 America and you will not be permitted to re-enter the United

24 States of America.  Do you understand?

25           THE DEFENDANT:  Yes.

17

1              THE COURT:  Do you affirm that you want to plead

2    guilty despite the immigration consequences if you are not a

3    citizen of the United States?

4              THE DEFENDANT:  Yes.

5              THE COURT:  In determining what sentence to impose

6    Judge Dearie will consider the guidelines issued by the United

7    States Sentencing Commission and the other factors specified

8    by Section 3553(a) of Title XVIII to determine whether to

9    impose a sentence within that range.  These other factors

10   considered include the nature and circumstances of the crimes

11   committed with characteristics and history and the public

12   interest in the sentence.  Prior to sentencing the Court will

13   receive a pre-sentence report containing information about

14   these factors and the guidelines.  You and your lawyer will

15   have the opportunity to see that report and to speak on your

16   behalf at sentencing.  Do you understand?

17             THE DEFENDANT:  Yes.

18             THE COURT:  Have you and your attorney, Mr. Wilburn,

19   spoken about how the Sentencing Commission Guidelines might

20   apply to your case?

21             THE DEFENDANT:  Yes, we have.

22             THE COURT:  Although the guidelines are advisory has

23   the Government estimated what the sentencing guideline range

24   is likely to be?

25             MS. NGUYEN:  Yes, Your Honor.  The aggregate

18

1  sentencing guidelines range would be 57 to 65 months under the

2  Government's estimate and that accounts for what is required

3  by statute is that the sentence imposed on Count II run

4  consecutive to the sentence imposed on Count VI.

5       THE COURT:  And is that your estimate as well,

6  Mr. Darrow?

7       MR. DARROW:  Your Honor, I think I anticipate we may

8  be disagreeing as to loss amount and so that will bring the

9  fraud guideline down, but we anticipate either resolving those

10  issues before sentencing or, if necessary, litigating them

11  before Judge Dearie.

12       THE COURT:  Do you want to put your estimate of what

13  you believe the guideline range would likely be on the record?

14       MR. DARROW:  Not at this time only because I don't

15  have a basis for where they actually end up falling.  Thank

16  you.

17       THE COURT:  But you disagree to some extent with the

18  Government's estimate?

19       MR. DARROW:  I anticipate that I may, Your Honor,

20  yes.

21       THE COURT:  So Mr. Wilburn, keep in mind that these

22  are just estimates and they could be wrong.  Judge Dearie will

23  calculate the guideline range and determine whether to follow

24  or depart from the applicable guideline range.  If your

25  sentence is higher than you expect it to be, you will not be

19

1    able to withdraw your guilty plea.  Is that clear?

2              THE DEFENDANT:  Yes.

3              THE COURT:  In addition to imprisonment, you will be

4    sentenced to a term of supervised release.  Supervised release

5    means that after you are released from prison your activities

6    will be supervised by the Probation Department and there may

7    be many restrictions placed on your liberty, such as travel

8    limitations, requirements that you report regularly to a

9    probation officer, prohibitions on carrying guns and the like.

10   Do you understand the nature of supervised release?

11             THE DEFENDANT:  Yes.

12             THE COURT:  If you violate the conditions of the

13   release you can be returned to prison, even if the violation

14   occurs close to the end of the supervised period.  So if you

15   don't follow the conditions of supervised release your prison

16   term could be lengthened without credit for pre-release

17   imprisonment or time previously served on post-release

18   supervision.  Do you understand?

19             THE DEFENDANT:  Yes.

20             THE COURT:  If after you are sentenced you or your

21   attorney thinks that the Court has not properly followed the

22   law in sentencing you, you can appeal your sentence to a

23   higher court.  However, you have agreed not to file an appeal

24   or otherwise challenge the conviction or sentence in the event

25   the Court imposes a term of imprisonment of 70 months or

20

1  below.  By pleading guilty here today you will not, except

2  under rare and limited circumstances, be able to challenge

3  your judgment of conviction.  Do you understand?

4          THE DEFENDANT:  Yes.

5          THE COURT:  Mr. Wilburn, do you have any questions

6  you would like to ask me about the charge, your rights or

7  anything else relating to this matter?

8          THE DEFENDANT:  No.

9          THE COURT:  Is everything clear to you, sir?

10         THE DEFENDANT:  Yes.

11         THE COURT:  Mr. Darrow, do you know of any reason

12 why your client should not enter a plea of guilty?

13         MR. DARROW:  No, Your Honor.

14         THE COURT:  Are you aware of any viable, legal

15 defenses to the charge?

16         MR. DARROW:  No, Your Honor.

17         THE COURT:  Mr. Wilburn, are you ready to plead?

18         THE DEFENDANT:  Yes.

19         THE COURT:  Mr. Wilburn, how do you plead to Count

20 II of the indictment; guilty or not guilty?

21         THE DEFENDANT:  Guilty.

22         THE COURT:  Mr. Wilburn, how do you plead to Count

23 VI of the indictment; guilty or not guilty?

24         THE DEFENDANT:  Guilty.

25         THE COURT:  Are you making this plea of guilty

21

1   voluntarily and of your own free will?

2           THE DEFENDANT:  Yes.

3           THE COURT:  Has anyone threatened or forced you to

4   plead guilty?

5           THE DEFENDANT:  No.

6           THE COURT:  Other than the written agreement with

7   the Government discussed on the record here today has anyone

8   made you any promise that has caused you to plead guilty?

9           THE DEFENDANT:  No, Your Honor.

10          THE COURT:  Has anyone made you any promise,

11  Mr. Wilburn, about the sentence you will receive?

12          THE DEFENDANT:  No.

13          THE COURT:  Mr. Wilburn, please describe briefly in

14  your own words what you did in connection with the crime to

15  which you are pleading guilty.

16          MR. DARROW:  Your Honor, if we may, Mr. Wilburn and

17  I have prepared a written allocution.

18          THE COURT:  That's fine.

19          MR. DARROW:  Would it be all right for him to read

20  it?

21          THE COURT:  Certainly.

22          MR. DARROW:  Thank you.

23          THE DEFENDANT:  "Between April of 2016 and July 2018

24  I used a credit card number.  I obtained more than $1,000.  I

25  did so knowingly and with the intent to defraud.  I bought the

22

1  credit card number believing it was associated with a real

2  person.  I did so without lawful authority."

3        MR. DARROW:  And in addition, Your Honor, the

4  defense would stipulate that the Government could prove beyond

5  a reasonable doubt at trial the following things:  that a

6  credit card number is an access device, the legal definition;

7  that interstate commerce was effected by Mr. Wilburn's

8  actions; that a credit card account number is, in fact, a

9  means of identification of another person within the statutory

10  meaning of the aggravated identity theft statute; we would

11  also stipulate that the $1,000 amount was obtained in a one-

12  year period; and we'd stipulate to venue being appropriately

13  in the Eastern District of New York.

14        THE COURT:  Ms. Nguyen, does that resolve any

15  follow-up questions that would need to be asked?

16        MS. NGUYEN:  It does, Your Honor.

17        THE COURT:  So are there any other questions or any

18  further allocution with respect to the plea that's required?

19        MS. NGUYEN:  Not -- no, Your Honor.

20        THE COURT:  And was there anything else, Mr. Darrow,

21  that you believe needed to be addressed?

22        MR. DARROW:  No, Your Honor.  I think that's

23  sufficient.

24        THE COURT:  So Mr. Wilburn, based on the information

25  given to me today I find that you, Andre Wilburn, is

23

1    competent, that you are acting voluntarily, that you fully

2    understand the charges against you, your rights and the

3    consequences of your plea, and that there is a factual basis

4    for your guilty plea.

5            I therefore recommend that Judge Dearie should

6    accept your plea of guilty and when this was last scheduled,

7    the date that had been given to me was that Judge Dearie had

8    set January 22, 2020 at 11:15 as Mr. Wilburn's sentencing

9    date.  So just confirm that with Judge Dearie's chambers.

10           MS. NGUYEN:  Yes, Your Honor.

11           THE COURT:  Ms. Nguyen, was there any other matter

12   that needed to be addressed on behalf of the United States

13   today?

14           MS. NGUYEN:  No, Judge.

15           THE COURT:  And Mr. Darrow, was there anything

16   further that needed to be addressed on behalf of Mr. Wilburn

17   today?

18           MR. DARROW:  Nothing from the defense.  Thank you,

19   Your Honor.

20           THE COURT:  Good luck.  This matter is adjourned.

21           MS. NGUYEN:  Thank you.

22   (Proceedings concluded at 2:13 p.m.)

23                   *  *  *  *  *  *

24

25

24

1          I certify that the foregoing is a court transcript

2     from an electronic sound recording of the proceedings in the

3     above-entitled matter.

4

5          _____

6                    Ruth Ann Hager, C.E.T.**D-641

7     Dated:   November 16, 2019

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25