

U.S. Department of Justice

United States Attorney
Eastern District of New York

VTN
F. #2017R01361

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 7, 2021

By ECF

The Honorable Raymond J. Dearie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Andre Wilburn
               Criminal Docket 19-139 (RJD)

Dear Judge Dearie:

      The government submits this letter in response to the defendant's pro se motions, filed on August 11, 2021, seeking to (1) make a statement at his sentencing hearing (ECF No. 99); (2) discovery of any agreement(s) between the government and his co-defendants Lamont Brown and Adam Micek (ECF No. 100); and (3) discovery of any statements made by indicted or unindicted co-conspirators in furtherance of the conspiracy described in the indictment. (ECF No. 101). The defendant is represented by appointed counsel, Carlos Santiago, Esq., who has not adopted the defendant's motions. The government has no objection to the defendant's request to be heard at sentencing. The government opposes the defendant's remaining motions for the reasons provided below.

      As an initial matter, the government submits that the Court should deny the defendant's motions the Court is not obligated to entertain pro se motions when the defendant is represented by counsel. Criminal defendants cannot simultaneously exercise their rights to appear pro se and to have appointed counsel. Ennis v. LeFevre, 560 F.2d 1072, 1075 (2d Cir. 1977) (court was not required to consider pro se papers while petitioner was represented by counsel); see also United States v. Tutino, 883 F.2d 1125, 1141 (2d Cir. 1989) (a criminal defendant has no right to represent himself as co-counsel with his own attorney). The decision to grant or deny "hybrid representation" lies solely within the discretion of the trial court. O'Reilly v. New York Times Co., 692 F.2d 863, 869(2d Cir. 1982). Accordingly, it is within the Court's discretion to deny the defendant's motion without prejudice until or unless it is adopted by counsel. United States v. D'Souza, No. 88-CR-374, 1992 WL 151920, *2 (E.D.N.Y. 1992) (denying defendant's pro se motions without

prejudice to later presentation through counsel); United States v. Parker, No. 08-CR-6270L, 2010 WL 114575, *1 (W.D.N.Y. Jan. 7, 2010) (declining to review pro se motions while the defendant was represented by counsel); Pri-har v. United States, 83 F. Supp. 2d 393, 399 n.2 (S.D.N.Y. 2000) (same).

The defendant's motions for discovery relating to any co-conspirators should also be denied on the merits. The defendant pleaded guilty before the Magistrate Judge Lois Bloom, on October 24, 2019. (ECF No. 51). The defendant's sentencing has been repeatedly adjourned, largely due to the COVID-19 pandemic and because the defendant has a pending case before Chief Judge Margo K. Brodie. See, e.g., ECF No 90; United States v. Wilburn, 19-CR-108. Now, nearly two years after his guilty plea, the defendant moves for discovery of any agreement(s) between the government and his co-defendants Lamont Brown and Adam Micek, and any statements made by indicted or unindicted co-conspirators in furtherance of the conspiracy described in the indictment.

Rule 16 of the Federal Rules of Criminal Procedure is designed to facilitate *pretrial* discovery. See Fed. R. Crim. Proc. 16 (emphasis added). By pleading guilty and waiving the rights associated with a jury trial (ECF No. 54, Transcript of Change of Plea Hearing ("Tr.") at 10), the defendant waived his right to insist on continued compliance with Rule 16. United States v. Rodriguez-Castillo, 350 F.3d 1 (1st Cir. 2003). Assuming, without conceding, that any co-conspirator statements existed and that such statements would have been discoverable under Rule 16, see In re United States, 834 F.2d 283, 286-87 (2d Cir. 1987), the defendant forfeited his right to make pretrial discovery claims when he voluntarily pleaded guilty. See Jackson v. Annucci, No. 9:16-CV-01020, 2018 WL 2224988 ,*10 (N.D.N.Y. May 15, 2018); See also United States v. Mikaelian, 168 F.3d 380, 389 (9th Cir. 1999) (court denied motion for discovery made nine months after guilty plea was entered and before sentencing because the requested discovery was neither material to the preparation of a defendant nor intended by the government for use a trial).

Similarly, the defendant's guilty plea preempts the government's obligation to disclose any agreements reached between the government and the defendant's co-defendants, because such disclosure is only necessary in the event that any such co-defendant was to testify at trial. Under the Jencks Act, the government is only required to turn over such information prior to the witness direct trial testimony. 18 U.S.C. § 3500(a); see In re United States, 834 F.2d at 286-87; United States v. Percevault, 490 F.3d 126 (2d Cir. 1974). Because the defendant voluntary pleaded guilty and waived his right to confront any witnesses against him (Tr. at 9), the government is under no obligation to disclose the existence of any such agreements, nor to identify whether any co-defendant would have been called as a witness.

Based on the foregoing reasons, the government respectfully requests that the Court deny the defendant's motions for discovery.

Respectfully submitted,

JACQUELYN M. KASULIS
Acting United States Attorney

By:   /s/
Virginia Nguyen
Special Assistant U.S. Attorney
(718) 254-6280