FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 1 0 2021 ★

BROOKLYN OFFICE

July 23, 2021

Delivery via First-Class mail (USPS)

The Hon. Raymond J. Dearie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201



RECEIVED
SEP 1 0 2021
PRO SE OFFICE

Re: United States v. Andre Wilburn, No. 19-CR-139 (RJD)

Dear Judge Dearie:

Please construe this letter as a formal motion. The defendant, Andre Wilburn, respectfully moves the Court to grant him relief by permitting defendant to withdraw his plea of guilty pursuant to Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure, and as a basis sets forth the following. The movant requests the relief of vacating or withdrawing the plea entered on October 24, 2019. This letter motion is based on information not known to the Defendant at the time.

Ineffective Assistance of Counsel

1. Former counsel failed to investigate case and ~~proper~~ neglected obligation to discover mitigating evidence. Former counsel did not investigate origin of case. (i.e. Paypal, eBay, and Craigslist). Former counsel advised Defendant to plea guilty to offenses that were never investigated.

2. Former counsel failed to advise of affirmative defense and instead prepared allocution quote that intentionally eliminated affirmative defense that the Defendant presented to former counsel. Former counsel intentionally included terms "knowing" and "real person" in plea allocution statement prepared and written just moments prior to October 24, 2019 proceeding. See Exhibit "A."

3. Former counsel failed to move for suppression of Google data (email, Drive, photos, calendars, Keep, Docs, etc.). Former counsel suggested a Google suppression motion — because of known search warrant deficiencies — as early as March 2019, but a draft of that motion was not seen by Defendant until April 2021. Former counsel also failed to move for suppression of evidence obtained from illegal search of Defendant's apartment on September 06, 2018. Apartment search warrant is facially defective as there are no items to be seized, nor is there any reference to an affidavit or attachment to support the seizure of any items. There is no permission to search any items in Defendant's apartment other than "the Subject Premises" and a "Samsung Galaxy Cell Phone." The warrant is Constitutionally defective due to lack of particulary — and all fruits of the search should have been suppressed in a motion by former counsel. The fruits of these searches — including "blank credit cards, card printer, and NYPD traffic vest" — are all immaterial to the indictment at hand were used by former counsel to convince the Defendant to plea guilty despite former counsel knowing that "facts outside of an indictment should not be used (US v. Hill, 2017 US App. LEXIS 15678 (4th Cir 2017)). See Exibit B

4. Former counsel failed to raise 3161(b) and Speedy Trial motions where more than 30 days elapsed between complaint and indictment (02/15/19 - 03/19/19). Former counsel failed to raise Speedy Trial claim for April 26, 2019 status conference which resulted in a 91-day Speedy Trial clock exclusion (04/26/19 - 07/26/19). See Exhibit C. Former counsel insisted speedy trial rights would be preserved if plea is entered.

5. Former counsel failed to advise Defendant of circumstances surrounding the plea. Former counsel failed to properly advise about the advantages and disadvantages of a guilty plea.

6. Former counsel failed to request severance, knowing that the testimony of two co-accused was antagonistic to Defendants. Former counsel failed to present co-accused statements or testimony to Defendant. Former counsel

failed to file "reveal the deal" motion, which would show exactly what government promised co-accused for their cooperation.

7. Former counsel representing both of Defendants federal criminal cases is a conflict of interest when there was no investigation, no attempt to discover mitigating evidence, and the only strategy was to plead guilty as quickly as possible.

8. Former counsel failed to sufficiently advocate to secure bail at arraignment and at April 23, 2020 detention hearing. Former counsel knew "clear and convincing evidence" is the standard needed to show no conditions will reasonably ensure the safety of the community." The Bail Reform Act of 1984 specifically authorizes the temporary release of the accused if necessary for the preparation of the accused defense or for another compelling reason. Former counsel made key decision against defendants wishes when he failed to object or appeal order of detention. Defendant who was not present on the April 23, 2020 teleconference asked former counsel how bailed could be secured after the hearing and his reply was "the judge made a finding, so we can't appeal," "you have two district judges and one could say no", and "the [Federal Defenders] appeals department do not believe there's an appealable issue." Defendant's objection/appeal grounds were nonfrivolous and meritorious.

9. Former counsel failed to subject prosecutions case to meaningful adversarial testing. Former counsel failed to challenge prosecutors case at all. Former counsel failed to discover government's evidence, see Exhibit C. Defendant was hampered in his ability to prepare his defense when former counsel deprived him of Rule 16 discovery material despite several requests since the beginning of the case. As recently as January 21, 2001, counsel refused defendants request stating "I will not be filing a Rule 16 demand at this time.... I do not want to commit myself to that..." He goes on to say that Defendant could get his discovery "if [former counsel] agree[s]." Defense attorney has the responsibility to communicate with defendant and let the Defendant be the ultimate decision-maker.

10. Former counsel failed to obtain grand jury demographics despite Defendant

expressing concern in regards to systematic exclusion of blacks, Hispanics, jurors under 30, nonfreeholders, and senior citizens, since April 2019. In April 2021, former counsel advised he had "someone on it." Defendant was never presented with critical demographic data from the grand jury master list (wheel). Former counsel knew that a systematic exclusion of a class or other discrimination in the selection of the grand jury would result in dismissal of the indictment without regard to any actual prejudice suffered by the Defendant.

11. Former counsel failed to challenge indictment on multiplicity grounds. Several counts, including counts Two and Six require the same element of proof,

12. Former counsel failed to show Defendant draft of PSR. Defendant did not see it until April 2021 and did not review it line-by-line until June 2021 with second appointed counsel. Defendant's PSR recommended an illegal manager role enhancement, since grand jury did not charge that in the indictment.

13. On September 19, 2019, former counsel wrote a letter to the Court in regards to Defendants intent to plead guilty before Defendant knew that he intended to plead guilty. Former counsel misrepresented defendant by neglecting to mention this letter to the Defendant.

14. Former counsel failed to memorialize sentence guidelines reduction for total loss in writing, despite defendant expressing concern for the plea agreement's estimation of loss and his role.

15. Defendant misadvised as to the consequences of his plea particularly regarding the fact that the entry of his plea would impair his eligibility for pretrial release in his pending case and bail in this case. "Gov't opposed based on guilty plea in one case possibly increasing [defendant's] risk of flight." See Exhibit "D."

16. Former counsel failed to mention the benefit of a mitigation specialist until it was brought up by Defendant in April 2020 over a year after initial detention.

and after pleading guilty in this case. Assigned mitigation specialist assigned called Defendant once, refused to accept email correspondence, and never answered phone calls. Not having access to a mitigation specialist until after guilty plea and PSR was prejudicial to defense.

17. Second assigned (appointed counsel) refused to assist defendant in drafting plea withdrawal motion. Second appointed counsel refused to let defendant be the ultimate decision-maker in his own case

18. Former counsel intentionally filed several unauthorized continuances without Defendant's knowledge.

19. Second appointed counsel told defendant on numerous occasions that defendant was unable to withdraw plea. Second appointed counsel misrepresented defendant when he said that knowing and voluntary defense was not possible because of plea allocution in open court.

Had former counsel's representation not fallen below an objective standard of reasonableness as noted in the previous paragraphs — none of which were strategic decisions made after a thorough investigation of the law and facts relevant to the case — defendant would have gone to trial and not pled guilty

Respectfully submitted

Andre Wilburn

Andre Wilburn - Defendant

Certificate of Service

I hereby certify that I have this 26th day of July, 2021, served a copy of the foregoing Motion upon counsel for the government, Virginia Nguyen, by United States Mail, first class postage prepaid

July 23, 2001

Delivery via First Class mail (USPS)

The Hon. Raymond J. Dearie
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

re: United States v. Andre Wilburn, No 19-CR-139 (RJD)

Memorandum of Points and Authority in Support of Motion to Withdraw Guilty Plea.

1.A) Hill v. Lockhart, 474 US 52, 59-60 (1985)
When alleged error of counsel is a failure to advise of an affirmative defense, the
outcome of the prejudice inquiry will depend on whether the defense would have
succeeded at trial.

B) Williams v. Taylor, 529 US 362, 371 (2000)
Counsel ineffective for failing to discover and present significant mitigating evidence...

c) US v. Ochoa-Gonzalez, 598 F. 3d 1033 (8th Cir 2010)
Guilty plea to aggravated identity theft unknowing and involuntary where defendant was
unaware at the time of plea that the stolen identity belonged to a real person.

D) Woodard v. Collins, 898 F. 2d 1027, 1029 (5th Cir 1990)
When a lawyer advises his @client to plea bargain to an offense which the attorney
has not investigated, such conduct is always unreasonable

E) Bauer v. Quatermon, 497 F. 3d 459, 467 (5th Cir 2007)
Defense counsel has a duty to independently investigate the charges against his client

F) English v. Romanowski, 602 F. 3d 714, 728 (6th Cir 2010)
Counsel was ineffective for failing to conduct a sufficient pre-trial investigation

G) Montgomery v. Peterson, 846 F. 2d 407, 412 (7th Cir 1988)
Nonstrategic decision not to investigate is inadequate performance

2. A) Hill v. Lockhart, 474 US 52, 59-60 (1985)

When alleged error of counsel is a failure to advise of an affirmative defense, the outcome of the prejudice inquiry will depend on whether the defense would have succeeded at trial.

B) US v. Ochoa-Gonzalez, 598. F. 3d 1033 (8th Cir 2010)

Guilty plea to aggravated identity theft unknowing and involuntary where defendant was unaware at the time of plea that the stolen identity belonged to a real person.

3. A) Loaman v. US, 973. F.2d 107, 113 (2d Cir 1992)

Attorney's failure to move for suppression of evidence constitutes ineffective assistance of counsel only when the 4th Amendment claim is meritorious and absent the excludable evidence, there is a reasonable probability the outcome of the trial would have been different

B) Kimmelman v. Morrison, 477. US. 365, 375 (1986)

Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principle allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious...

C) in re: 650 Fifth Ave, 934 F. 3d 147, 163 (2d Cir 2019)

No reasonable officer could have presumed that this glaringly deficient warrant was valid

4. A) US v. Pollock, 726 F.2d 1456 (9th Cir 1984)

If indictment is not filed within 30 days of arrest, charge contained in complaint must be dismissed and delay not justified on record.

B) US v. Gambino, 59. F. 3d 353, 360 (2d Cir 1995)

A criminal defendant can only waive his speedy trial rights by failing to invoke them before trial or plea.

C) US. v. Vasquez, 918. F. 2d 329, 336 (2d Cir 1990)

It is the court and the government that bear the affirmation obligation of insuring speedy prosecution of criminal charges.

D) Zedner v. US, 547 US 489 (2006) / see Exhibit "F"

The continuance exceeded the maximum 70-day delay generally provided in 18 USC 3161(c)(1).
The continuance (91 days) was not validly excluded under 18 USC 3161(h)(8) on the purported
ground that the "ends of justice" outweighed the public's and defendant's interest in a speedy trial.

5A) Purdy v. US, 208 F. 3d 41, 46-48 (2d Cir 2000)
Finding that... attorney should inform each client of the probable costs and benefits
of accepting a plea bargain.
B) Hill v. Lockhart, 474 52, 57 (1985)
A defendant has a Sixth Amendment right to counsel, and this right extends to the
plea bargaining process.
C) Padilla v. Kentucky, 559 US 356, 373 (2010)
Affirmative misadvice by an attorney and a failure to advise about the advantages and
disadvantages of a guilty plea are treated the same when assessing whether counsel's
performance was deficient.

6A) Trass v. Maggio, 731 F. 2d 288 (5th Cir 1984)
Counsel's failure to request a severance was ineffective assistance where failure
was caused by counsel's unfamiliarity with the law and resulted in prejudice to
defendant.

7A) Freeman v. Chandler, 645 F. 3d 863, 869 (7th Cir 2011)
As to conflict, if there is any ~~adverse~~ adverse effect on the attorney's performance,
prejudice is presumed and defendant's argument prevails.
B) Blake v. US, 723 F. 3d 870, 880 (7th Cir 2013)
A [defendant] may show an adverse effect by demonstrating there is a reasonable likelihood
counsel's performance would have been different had there not been a conflict of interest.
C) Cuyler v. Sullivan, 446 US 335, 348-~~50~~ 50 (1980)
A defendant... "must demonstrate that an actual conflict of interest adversely affected his
lawyers performance"; a "defendant who shows that a conflict of interest actually affected
the adequacy of his representation need not demonstrate prejudice in order to obtain relief.
D) Wheat v. US, 486 US 153, 160 (1988)
Must show that "counsel was influenced in his basic strategic decisions by the interests...

E) ~~Ineffective~~ Workman v. Cullen, 342 F.3d 1100, 1107 (10th Cir 2003)
An actual conflict of interest exists if counsel is forced to make choices
advancing interests to the detriment of his client.

8A) Glover v. US, 531 US 198, 203 (2001)
In accessing whether counsel's deficient performance prejudiced a defendant, "any
amount of actual jail time has Sixth Amendment significance."
B) Roe v. Flores-Ortega, 528 US 570 (2000)
Attorney's failure to file an appeal in spite of being instructed to do so is per se
ineffective assistance; in addition, an attorney's failure to advise a defendant
about an appeal constitutes ineffective assistance "when there is reason to think
either [1] that a rational defendant would want to appeal, or [2] that this
particular defendant reasonably demonstrated that he was interested in appealing
C) US v. Shedrick, 493 F.2d 292, 300-02 (3rd Cir 2007)
Counsel ineffective for failing to file a timely appeal.

9A) US. v. Cronic, 466 US 648, 658-59 (1984)
Presumption of prejudice applies when counsel "entirely fails to subject the prosecution's
case to meaningful adversarial testing," where counsel is actually or constructively
denied during a critical stage of the proceedings, or when there are "various kinds of
state interference with counsel's assistance."
B) US. ex rel. Thomas v. O'Leary, 856 F.2d 1011, 1015 (7th Cir 1988)
The Sixth Amendment right to counsel guarantees more than just a warm body to
stand next to the accused during critical stages of the proceeding.

10A) The Supreme Court promulgated a three-pronged test for systematic underrepresen-
tation in ~~Castaneda~~ ~~Cortez~~ Castaneda v. Partida, The Court held that to show
that an equal protection violation has occurred in the grand jury selection, the
defendant must
      i) establish that the group is one that is a protected class;
      ii) the degree of underrepresentation must be proved by comparing the
        size of the group in the total population to the proportion in the

~~grand~~ grand jury;

iii) the selection procedure was susceptible to abuse or was not socially neutral.

B) Vasquez v. Hillery, 474 US 254

Unlawful exclusion of members of defendants own race from grand jury.

11A) US v. Weathers, 493 F. 3d 229 (DC Cir 2007)

Counsel's failure to challenge indictment on multiplicity grounds was ineffective assistance

12A) US v. Stevens, 851 F.2d 140, 145 (6th Cir 1988)

An attorney's failure to advise court of error [in pre-sentence report] might constitute deficient performance under Strickland

B) Apprendi v. New Jersey

Any fact that increases the penalty for a crime beyond the prescribed maximum must be submitted to a jury, and proved beyond a doubt.

13A) See Exhibit "E"

14A) Betancourt v. Willis, 814 F.2d 1546 (11th Cir 1987)

Attorney's failure to memorialize promise of sentence reduction in written plea agreement was ineffective counsel

15A) U.S. v. Himler, 797 F.2d 156 (3d Cir 1986)

Opportunity to flee is not enough to justify detention as the Bail Reform Act does not seek ironclad guarantees. Evidence did not support finding under 3142 that there were no release conditions which would secure defendant appearance in court, where defendant had prior record of appearing in court when released prior to trial, had family ties to area, and there was no direct evidence to suggest he would flee from prosecution in the future.

B) US v. Jamal, 326 F. Supp 2d 1006 (D Ariz. 2003)

Pretrial detention is intended for unusual cases and such detention is to be imposed where

no condition or combination of conditions will reasonably assure appearance of person required.

16A) Blystone v. Horn, 664 F. 3d 397, 427 (3d Cir 2011)
Trial counsel was ineffective for not conducting an adequate investigation of mitigating circumstances.

B) Williams v. Taylor, 529 US 362, 395-98 (2000)
Defense counsel's performance was deficient because counsel "did not fulfill their obligation to conduct a thorough investigation of the defendant's background.

17A) U.S. v. Gonzalez, 970 F. 2d 1095, 1099-1101 (2d Cir 1992)
Given the ... complex standards governing plea withdrawals ... "it would be unreasonable to expect a criminal defendant to navigate this area of law without the competence advice of counsel.

18A) Mathis v. Hood, 937 F. 2d 790 (2d Cir 1991)
Actual conflict of interest by ... counsel where attorney was responsible for significant delay in handling appeal.

B) When issuing a continuance, the court must state, its reasons for finding that the ends of justice... outweigh the best interests of the public and the defendant in a speedy trial

C) Bloate v. US, 130 S. Ct 1345(US 2010)
Pretrial motion preparation time was not automatically excludable

19A) Fontaine v. US, 411 US 213, 213-215 (1973)
Holding that a defendant is entitled to a hearing to determine whether or not his guilty plea was voluntary, even though he had declared in open court that his plea was given voluntarily and knowingly

B) US ex rel. Hill v. Ternullo, 510 F. 2d 844, 846-847( 2d Cir 1975)
Holding that defendant was entitled to a hearing to determine whether his guilty plea was made based on his attorney's assurance that he would receive a lesser sentence than what was allowed under state law.

EXHIBIT
A

21

1   voluntarily and of your own free will?

2            THE DEFENDANT:  Yes.

3            THE COURT:  Has anyone threatened or forced you to

4   plead guilty?

5            THE DEFENDANT:  No.

6            THE COURT:  Other than the written agreement with

7   the Government discussed on the record here today has anyone

8   made you any promise that has caused you to plead guilty?

9            THE DEFENDANT:  No, Your Honor.

10            THE COURT:  Has anyone made you any promise,

11   Mr. Wilburn, about the sentence you will receive?

12            THE DEFENDANT:  No.

13            THE COURT:  Mr. Wilburn, please describe briefly in

14   your own words what you did in connection with the crime to

15   which you are pleading guilty.

16            MR. DARROW:  Your Honor, if we may, Mr. Wilburn and

17   I have prepared a written allocution.

18            THE COURT:  That's fine.

19            MR. DARROW:  Would it be all right for him to read

20   it?

21            THE COURT:  Certainly.

22            MR. DARROW:  Thank you.

23            THE DEFENDANT:  "Between April of 2016 and July 2018

24   I used a credit card number.  I obtained more than $1,000.  I

25   did so knowingly and with the intent to defraud.  I bought the

1   voluntarily and of your own free will?

2   THE DEFENDANT:  Yes.

3   THE COURT:  Has anyone threatened or forced you to

4   plead guilty?

5   THE DEFENDANT:  No.

6   THE COURT:  Other than the written agreement with

7   the Government discussed on the record here today has anyone

8   made you any promise that has caused you to plead guilty?

9   THE DEFENDANT:  No, Your Honor.

10   THE COURT:  Has anyone made you any promises,

11   Mr. Wilburn, about the sentence you will receive?

12   THE DEFENDANT:  No.

13   THE COURT:  Mr. Delio, please describe briefly in

14   your own words what you did in connection with the crime to

15   which you are pleading guilty.

16   MR DARROW:  Your Honor, if we may, Mr. Wilburn and

17   I have prepared a written allocution.

18   THE COURT:  That's fine.

19   MR. DARROW:  would it be all right for him to read

20   it?

21   THE COURT:  Certainly.

22   MR. DARROW:  Thank you.

23   THE DEFENDANT:  "Between April of 2015 and July 2015

24   I used a credit card number.  I obtained more than $1,000.  I

25   did so knowingly and with the intent to defraud.  I bought the

22

1   credit card number believing it was associated with a real

2   person.  I did so without lawful authority."

3          MR. DARROW:  And in addition, Your Honor, the

4   defense would stipulate that the Government could prove beyond

5   a reasonable doubt at trial the following things:  that a

6   credit card number is an access device, the legal definition;

7   that interstate commerce was effected by Mr. Wilburn's

8   actions; that a credit card account number is, in fact, a

9   means of identification of another person within the statutory

10  meaning of the aggravated identity theft statute; we would

11  also stipulate that the $1,000 amount was obtained in a one-

12  year period; and we'd stipulate to venue being appropriately

13  in the Eastern District of New York.

14         THE COURT:  Ms. Nguyen, does that resolve any

15  follow-up questions that would need to be asked?

16         MS. NGUYEN:  It does, Your Honor.

17         THE COURT:  So are there any other questions or any

18  further allocution with respect to the plea that's required?

19         MS. NGUYEN:  Not -- no, Your Honor.

20         THE COURT:  And was there anything else, Mr. Darrow,

21  that you believe needed to be addressed?

22         MR. DARROW:  No, Your Honor.  I think that's

23  sufficient.

24         THE COURT:  So Mr. Wilburn, based on the information

25  given to me today I find that you, Andre Wilburn, is

All attached document w/ staple ... attachment

## ATTACHMENT A

### Property to be searched

The property to be searched is 189 Allen Street, Apartment 16J, New York, New York

10002 (the "SUBJECT PREMISES") and a Samsung Galaxy cell phone (the "SUBJECT CELL

PHONE"). The SUBJECT PREMISES is a two-bedroom apartment located within the 17-story

building, which is a public housing development maintained by the New York City Housing

Authority located at the corner of Allen Street and Stanton Street. The front door of the

SUBJECT PREMISES is on the 16th floor, identified by a label marked "16J" affixed above the

door knocker, and a second label marked "16J" within the knocker, as depicted in the two images

below.

 



Exhibit
B

ATTACHMENT A

Property Description

The property is to be described in 189 Allen Street, Apartment 16 ... ..., New York 10002 (the "SUBJECT PREMISES"), and a Samsung Galaxy cell phone ... ... the 17-step ... (the "SUBJECT ... PRIM..."). ... a two-bedroom apartment ... ... building, which is in a ... city housing development maintained by the New York ... Housing Authority located at the corner of Allen Street and Stanton Street. The ... ... ... of the SUBJECT PREMISES is on the 10th floor, identified by a label in ... ... ... marked above the door knocker, and a second label marked "16", within the knocker ... ... ... the two images below.



# UNITED STATES DISTRICT COURT
for the
Southern District of New York

**18 MAG 7476**

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )     Case No.
)
See Attachment A )
)

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ **Southern** _____ District of _____ **New York** _____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

See Attachment A

The search and seizure are related to violation(s) of *(insert statutory citations)*:

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before _____ **September 12, 2018** _____
*(not to exceed 14 days)*

☐ in the daytime 6:00 a.m. to 10 p.m.     ☑ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to the Clerk of the Court.
☑ Upon its return, this warrant and inventory should be filed under seal by the Clerk of the Court. *RM*
*USMJ Initials*

☑ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☑ for 30 days *(not to exceed 30)*.
☐ until, the facts justifying, the later specific date of _____

Date and time issued:     8/29/18 5:15 P.M.     [signature]
*Judge's signature*

City and state:     New York, NY     Hon. Barbara C. Moses, USMJ
*Printed name and title*

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

See Attachment A

)
)
)    Case No.
)
)
)

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of _____ New York _____
*(identify the person or describe the property to be searched and give its location):*

See Attachment A

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized):*

See Attachment A

**The search and seizure are related to violation(s)** of *(these statutes or ordinances):*

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before _____ August 15, 2017 _____
*(not to exceed 14 days)*

☐ in the daytime 6:00 a.m. to 10 p.m.   ☑ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____ Hon. _____ *(United States Magistrate Judge).*

Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:    8/15/17  5:15 p.m.

City and state:    New York, NY    Hon. _____ , U.S.M.J.

LOCATION: 189 Allen Apt. 16J

DATE: 9/6/18          SEIZING AGENT: _____

CASE NO: NY07QR18NY0027          No Signature

| ITEM # | DESCRIPTION OF ITEM | DISCOVERING AGENT / TIME / ROOM |
|---|---|---|
| | SD cards | |
| | US Passport | |
| | camera | |
| | business cards | |
| | picture of US currency | |
| | Fake $100. bill | |
| | laptop | |
| | bill counter | |
| | xbox HDD (2) | |
| | hard drives (6) | |
| | mini VHS tape | |
| | Samsung Galaxy box | |
| | cell phones (8) | |
| | box of credit card blanks | |
| | credit card scanner & printer | |
| | embosser | |
| | Misc. credit cards | |
| | Misc. docs | |
| | NYPD traffic vests (4) | |
| | LED lights (vehicle) | |
| | | |
| | | |

PAGE ___ OF ___

---

FROM: 73608298
TO: Darrow, James
SUBJECT: RE: RE: Update
DATE: 01/13/2021 01:28:54 PM



Ok.
-----Darrow, James on 1/12/2021 6:06 PM wrote:

>

Hi Mr. Wilburn:

I will respond in writing by letter.

Best,

James

ANDRE SHAWN WILBURN on 1/11/2021 6:35:58 PM wrote
James:

I know there's a pandemic and whatnot, but please send me a copy of the Principles of Federal Prosecution at your earliest convenience (JM 9-27.000 - J M 9.27.760).

Also since it appears as if useable CDs containing my discovery are never going to arrive here, please let me know the date on my original complaint and on my indictment and subsequent superceding indictment.

I am also requesting my detention order from my detention hearing on April 23, 2020.

I would like you to formally file a motion for discovery so that it is on the record for the following:
1. All police reports

2. Notes or memoranda by law enforcement officers not included in the police reports

3. All statements made by me; Oral and/or written statements. The government must disclose and make available for inspection, copying, or photographing statements made by defendant before or after arrest, in response to interrogation by a person defendant knew to be a government agent if the government intends to use the statement at trial.

4. Photos, slides, drawings, diagrams of scene

5. Photos, videos, movies taken of myself

6. Identidication of expert witness and subject of their testimony; The government must give the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Ru les of Evidence during its case-in-chief at trial. The summary rovided must describe the witnesses opinion, the bases and reasons for these opinions and the witnesses qualifications

7. Identification and statements of witnesses;

8. All exculpatory evidence; There was exculpatory evidence in my apartment that I was never able to gather because everything was stolen prior to anyone being able to collect my belonging and obtain such evidence. Also there is tons of potential exculpatory evidence on the multiple hard drives, SD, cards (including one from my car), thumb drives, google photos, and dozens of compact discs. You've mentioned the difficulty obtaining this from prosecutor and going as far to suggest editing security camera footage before sending it to me. I have a legal right to have access to all of my discovery regardless of how convenient it is for you. You mentioned getting this stuff back when the case is closed. I find it hard to believe that you would work any harder on this case when it's done than you are now. So now is when I want this back.

9. All physical evidence

FROM: 73606298
TO: Darrow, James
SUBJECT: RE: RE: Update
DATE: 01/4/2021 01:26:54 PM

OK.

-----Darrow, James on 1/12/2021 8:08 PM wrote:

Hi Mr. Wilburn:

I will respond in writing by letter.

Best,

James

ANDRE SHAWN WILBURN on 1/11/2021 9:38:51 PM wrote:
James:

I know there's a pandemic and virus but, can please send me a copy of the Principle of Federal Prosecution at your earliest convenience (JM 9-27.000 - JM 9-27.760).

Also since it appears as if useable OGs containing my discovery are never going to arrive here, please let me know the data on my original complaint and on my indictment and subsequent superseding indictment.

I am also requesting my detention order from my detention hearing on April 25, 2020.

I would like you to formally file a motion for discovery so that it is on the record for the following:
1. All police reports

2. Notes or memorandum by law enforcement officers not included in the police reports

3. All statements made by me; Oral and/or written statements. The government must disclose and make available for inspection, copying, or photographing statements made by defendant before or after arrest, in response to interrogation, by a person defendant knew to be a government agent if the government intends to use the statement at trial.

4. Photos, slides, diagrams of scene

5. Photos, videos, movies taken of myself

6. Identification of expert witness and subject of their testimony. The government must give the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. The summary must describe the witnesses opinion, the bases and reasons for these opinions and the witnesses qualifications.

7. Identification and statements of witnesses.

8. All exculpatory evidence. There was exculpatory evidence in this apartment that I was never able to gather because everything was stolen prior to anyone being able to collect my belonging, such as my security. Also, there is all of my potential exculpatory evidence on the multiple hard drives, SD, cards (including one from my car), flash drives, or my phones, and dozens of my past discs. You've mentioned the difficulty of having this from prosecutor and going as far for suggesting getting security camera footage before sending it to me. I have a legal right to have access to all of my discovery, regardless of how inconvenient it is for you. You mentioned getting this stuff back when the case is closed. I find it hard to believe that you are work any harder on this case than it's done after you are now. So now is when I want this back.

9. All physical evidence

10. Results and reports of physical and men tal examinations and scientific tests, experiments or comparisons performed;

11. The prior criminal record for myself; This was requested from you in the past to no avail

12. The results of any polygraph examination administered to any witness;

13. The terms of any offer of leniency or plea bargain agreement or any other consideration made to any prosecution witness;

14. All data that was obtained from or belongs to me (defendant);

15. Surveillance (security) camera footage; all of it in raw, unedited format

I also need to see and be able to examine every single warrant, including arrest, which as of total January 11, 2021, still has yet to come to fruition. Almost 2 years later.

I've obtained all of the addresses with descriptions for FOIA requests, so I no longer need that from you.

I would like to meet with the forensic examiner or at least have a few phone and video conferance discussions with this individual since I don't fully understand how a strategy is being formulated properly without my input.

I also recently reviewed the latest edition of the Federal Sentencing Guideline Manual, which is something you and I should have gone over prior to me signing a plea in October 2019, but absolutely didn't until afterwards. The lack of you breaking down the guidelines isn't the main point, what is important is that the statute I'm charged with 2B1.1 (a)(2) has a base offence level of 6 according to the aforementioned Federal book. But according to my signed plea agreement, the same statute 2B1.1 (a)(2) has a base offense level of 7. Could you please explain how that happenned, how it slipped past you, and what this means?

And finally since all of my property was stolen out of my apartment, due to numerous parties, I need you to file a motion to return property for the items t he government seized during their overbroad, general search of my apartment. There are many items which obviously have nothing to do with this case that should have been returned, actually they should have never been taken at all, years ago.

When sending me anything in the mail, please be sure you or Nick use MY registration number to avoid delay. As a reminder it is: 73608-298.

And lastly, I want to know if a warrant was needed for the phones that were taken from me and from my apartment.

Looking forward to your response James.

Thanks,
Andre Wilburn

10. Results and reports of physical and mental examinations and scientific tests, experiments or comparisons performed;

11. The prior criminal record for myself. This was requested from you in the past to no avail.

12. The results of any polygraph examination administered to any witness;

13. The terms of any offer of leniency or plea bargain agreement or any other consideration made to any prosecution witness;

14. All data that was obtained from or belongs to the defendant;

15. Surveillance (security) camera (footage) all of it in raw, uncelited format.

I also need to see and be able to examine every single witness, including a test, which as of total January 11, 2021, still has yet to come to fruition. Almost 2 years later.

I've obtained all of the addresses with descriptions for FOIA requests, so I no longer need that from you.

I would like to meet with the forensic examiner or at least have a few phone and video conference discussions with this individual since I don't fully understand how a strategy is being formulated properly without my input.

I also recently reviewed the latest edition of the Federal Sentencing Guidelines (latest version) which is something you and I should never, ever, run into me signing a plea in October 2016, not mandatory. Point well taken now. The look of you breaching down the guidelines isn't the main point, that is in part it is how the statute I'm charged with 28 U.S.C. 1.3(b)(2) has a base offense level of 6 according to the aforementioned Federal book. But according to my signed plea agreement, the same statute 28:1.3(a)(2) has a base offense level of 7. Could you please explain how that happened, how it slipped past you, and what the reason.

And finally since all of my property was stolen out of my apartment due to numerous parties, I need you to file a motion to return property for the same (the government seized during their overhead, general search of my apartment. There are many items which obviously have nothing to do with this case that should have been returned, actually they should have never been taken at all, years ago.

When sending me anything in the mail, please be sure you or Nick use MY registration number to avoid delay. As a reminder it is: 73508298.

And lastly, I want to know if a warrant was needed for the chattels that were taken from me and from my apartment.

Looking forward to your response James.

Thanks,
Andre Wilburn

# Federal Defenders
## OF NEW YORK, INC.

One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

David E. Patton
*Executive Director and*
*Attorney-in-Chief*

Deirdre D. von Dornum
*Attorney-in-Charge*



**LEGAL MAIL: OPEN ONLY IN FRONT OF INMATE**
**ATTORNEY-CLIENT PRIVILEGED**
**CONFIDENTIAL ATTORNEY WORK PRODUCT**

January 21, 2021

BY U.S. MAIL

Mr. Andre Wilburn
Reg. No. 73608-298
MDC Brooklyn
Metropolitan Detention Center
P.O. Box 329002
Brooklyn, NY 11232

                Re:     *Your Emails of January 11 and 18, 2021*

Dear Mr. Wilburn:

Thank you for your email of January 11, 2021. This letter responds to your requests in it and also briefly addresses certain aspects of your subsequent email of January 18, 2021.

First, I have enclosed at your request a hard copy of the "Principles of Federal Prosecution."

Second, we have managed to secure a MacAfee-encrypted disc on which to put the discovery, charging documents, and bail papers that you requested. That disc will arrive under separate cover, and I hope you are able to access it. I assume your assertion in your January 18, 2021 email that you "should have been given" your Rule 16 discovery "2 years ago" was not meant literally, since Nick and I have both gone over your discovery with you many, many times in person, and you well know the reason why we haven't previously provided it un-encrypted to you. Indeed, that was the reason you suggested an encryption in the first place.

Third, the Complaint in the non-fraud case was filed Sept. 7, 2018. It was ordered unsealed on January 17, 2019. The Indictment was filed February 28, 2019. The Superseding Indictment was filed April 22, 2019.

Fourth, the order rejecting our bail motion was entered orally by Magistrate Judge Mann on April 23, 2020. (You asked for a "detention order," but technically the only order on the docket was the one entered at your initial appearance.). The April 23 docket text reads: "Minute Entry for proceedings held before Magistrate Judge Roanne L. Mann: Detention Hearing as to Andre Wilburn held on 4/23/2020. All parties appeared via teleconference. Defense counsel waived dft's appearance. Pretrial Officer Celine Ferguson appeared via teleconference. Defense counsel presented a bail package with 2 sureties citing the conditions at the MDC; Govt opposed based on defendant's guilty plea in one of his cases possibly increasing dft's risk of flight and danger to the community on the other case. Court denied the application. Order of Detention remains in effect. AUSA Virginia Nguyen; Defense Counsel, James Darrow. (Court Reporter Linda Marino.) (Piper, Francine) (Entered: 04/24/2020)".

Fifth, I will not be filing a Rule 16 demand at this time. Doing so triggers our own reciprocal discovery obligations under Rule 16(b), and I do not want to commit myself to that at this time. Furthermore, I have already received voluminous discovery, including forensic access to the electronic data, so I already have a clear sense of the strength of the government's case. In addition, I hope to receive additional discovery in response to the motion I intend to file, which should include the forensic report and notes of the forensic investigation by the government. If there are particular types of discovery you believe we do not have that you think warrant inspection, let me know and I can try to get them if I agree. If we decide to go to trial, I will file a tailored discovery demand to prevent the government from introducing late-breaking discovery before trial.

Sixth, for me to investigate "exculpatory evidence" I need you to tell me where specifically that evidence is so I can investigate it. I cannot get you copies of the contraband, but I can get you copies of specific video and electronic evidence if it is helpful to the case. First, though, I need to know specifically what to ask for and why. I have never heard that from you.

Seventh, the government has met its obligations to produce your criminal history in its Rule 16 letters. For example, in the letter dated April 20, 2019, it said " The government is not aware of any criminal history, youthful offender or juvenile offender adjudications of the defendant."

Eighth, at your request, I will cease efforts to help you obtain information through FOIA or to make a claim to NYCHA.

Ninth, you asked to meet with the forensic examiner. We will schedule a call once we re-engage his services to review the government's response to our motion. Contrary to your assertion that this motion has been formulated without your input, we have discussed it multiple times between us, you have repeatedly agreed with the approach I have described, and I have been waiting to discuss my final draft with you in person when legal visiting becomes available, before I file anything. As a reminder, that is at your request, because you have said that a video call would not give you sufficient time to review my draft.

Tenth, you suggest that I did not explain the operation of the Sentencing Guidelines to you before your plea. That is false, as you well know. I explained the operation of the Guidelines to you when we discussed the agreement, it was outlined in open court at the plea hearing, etc. We will discuss the calculation in the PSR when I visit you next, and will then have the opportunity to register any objections to it.

On that topic, Judge Dearie just this week has set a deadline of April 2 for objections to the PSR, April 30 for our sentencing submission, and May 21 for sentencing. I will seek to adjourn that if I am not able to visit you in person well in advance so we can prepare for sentencing.

Eleventh, yes, a warrant is needed for the government to search your cell phones that were taken from you.

Finally, you ask that I "do both of us a favor and relieve [my]self" from representing you. I will not do so. I believe I am giving you excellent representation, and I intend to continue to do so. If you feel you do not trust my counsel, or that communication between us has otherwise broken down, and you want me to ask Judge Brodie to appoint you new counsel from the CJA panel, then I will not object, because I want you to have confidence in your representation. But understand: I do not want to be relieved. I want to continue to represent you. I believe in your case, and I believe that the warrant for the Google Drive was illegally obtained. At a minimum, I would ask, again, that you wait to decide on my representation until you can review the motion I have drafted. If you want me to file it, I will. If you want to go with another attorney, I will of course provide that work product to the new lawyer, who can exercise their independent judgment of whether it should be filed. I leave that decision to you.

Sincerely,

/s James Darrow

## MINUTE ENTRY FOR CRIMINAL PROCEEDING

BEFORE MAG. JUDGE  **Roanne L. Mann**      DATE :  **4/23/20**

DOCKET NUMBER: **19CR108(MKB) & 19CR139(RJD)**  LOG #:Court Reporter  **Linda Marino**

DEFENDANT'S NAME :    **Andre Wilburn**
     ___ Present    **X** Not Present    **X** Custody ___ Bail

DEFENSE COUNSEL:   **James Darrow**
     **X** Federal Defender      CJA      Retained

**Exhibit D**

A.U.S.A:    **Virginia Nguyen**      CLERK:   **Felix Chin**

INTERPRETER :      (Language)

___ Defendant arraigned on the : ___ indictment ___ superseding indictment ___ probation violation

_____ Defendant pleads NOT GUILTY to ALL counts.

**X** DETENTION HEARING Held. _____ Defendant's first appearance.

     _____ Bond set at _____. Defendant ___ released ___ held pending
         satisfaction of bond conditions.
     _____ Defendant advised of bond conditions set by the Court and signed the bond.

     _____ Surety(ies) sworn, advised of bond obligations by the Court and signed the bond.

     _____ (Additional) surety/ies to co-sign bond by _____

     _____ After hearing, Court orders detention in custody. _____ Leave to reopen granted

_____ Temporary Order of Detention Issued. Bail Hearing set for _____

_____ At this time, defense counsel states on the record that the defendant does not have a bail
application / package. Order of detention entered with leave to reapply to a Magistrate
or to the District Court Judge to whom the case will be assigned.

_____ Order of Excludable Delay/Speedy Trial entered. Start_____ Stop _____

_____ Medical memo issued.

_____ Defendant failed to appear, bench warrant issued.

_____ Status conference set for _____ @ _____ before Judge _____

Other Rulings :  **All parties appeared via teleconference. Dfse counsel waived dft's appearance.**
**Pretrial Officer Celine Ferguson appeared via teleconference. Dfse counsel presented a bail**
**package with 2 sureties citing the conditions at the MDC; govt opposed based on dft's guilty plea in**
**one of his cases possibly increasing dft's risk of flight and danger to the community on the other**
**case; court denied the application. Order of detention remains in effect.**


# MINUTE ENTRY FOR CRIMINAL PROCEEDING

BEFORE MAG. JUDGE Roanne L. Mann DATE: 4/20/20

DOCKET NUMBER: 15CR139(RJD) & [illegible](RJD) LOG #/Court Reporter: [illegible]

DEFENDANT'S NAME: [illegible]
___ Present X Not Present X Custody ___ Bail

DEFENSE COUNSEL: James Darrow
X Federal Defender ___ CJA ___ Retained

A.U.S.A.: Virginia Nguyen CLERK: Felix Chin

INTERPRETER: ([illegible])

___ Defendant arraigned on the: ___ indictment ___ superseding indictment ___ probation violation

___ Defendant pleads NOT GUILTY to ALL counts.

X DETENTION HEARING Held. ___ Defendant's first appearance.

___ Bond set at ________. Defendant ___ released ___ held pending satisfaction of bond conditions.

___ Defendant advised of bond conditions set by the Court and signed the bond.

___ Surety(ies) sworn, advised of bond obligations by the Court and signed the bond.

___ (Additional) surety/ies to co-sign bond by ________

___ After hearing, Court orders detention in custody. ___ Leave to reopen granted

___ Temporary Order of Detention Issued. Bail Hearing set for ________

___ At this time, defense counsel states on the record that the defendant does not have a bail application / package. Order of detention entered with leave to reapply to a Magistrate or to the District Court Judge to whom the case will be assigned.

___ Order of Excludable Delay/Speedy Trial entered. Start ________ Stop ________

___ Medical memo issued.

___ Defendant failed to appear, bench warrant issued.

___ Status conference set for ________ @ ________ before Judge ________

Other Rulings: All parties appeared via teleconference. Dft's counsel waived dft's appearance. Pretrial Officer [illegible] appeared via teleconference. Dft's counsel presented a bail package with 2 sureties citing the conditions at the MDC; govt opposed based on dft's guilty plea in [illegible] increasing dft's risk of flight and danger to the community on the other [illegible] Court denied the application. Order of detention remains in effect.

Exhibit E

# Federal Defenders
OF NEW YORK, INC.

One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

David E. Patton
*Executive Director and*
*Attorney-in-Chief*

Deirdre D. von Dornum
*Attorney-in-Charge*

September 19, 2019

BY ECF

The Hon. Raymond J. Dearie
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

*9/19/19*
*Granted. Time ex-*
*cluded.*
*So ordered.*
s/ Raymond J. Dearie

Re:     *United States v. Andre Wilburn*, No. 19 Cr. 139 (RJD) #4

Your Honor:

This office represents Andre Wilburn. Mr. Wilburn intends to enter a guilty plea before the assigned magistrate judge in connection with this prosecution. In light of that, I respectfully request that our appearance at tomorrow's status conference be waived. The government does not object to this application.

The defense does not object to the exclusion of speedy trial time between now and what I understand to be the date of the next status conference, October 25, 2019, so that the parties may finalize Mr. Wilburn's plea.     *@ 10am*

Respectfully submitted,

/s James Darrow

James Darrow
Assistant Federal Defender
Tel. (718) 407-7419
james_darrow@fd.org

*Attorneys for Andre Wilburn*

# Federal Defenders
## OF NEW YORK, INC.

One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

David E. Patton
Executive Director and
Attorney-in-Chief

Deirdre D. von Dornum
Attorney-in-Charge

September 15, 2015

BY ECF

The Hon. Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: United States v. Andre Wilburn, No. 15 Cr. 379 (PKC)

Your Honor:

This office represents Andre Wilburn, and I write to ask for a guilty plea before the assigned magistrate judge in connection with this prosecution. In light of that, I respectfully request that our appearance in the trial status conference be waived. The government does not object to this application.

The defense does not object to the exclusion of speedy trial time between now and when I indicate to the Court the date of the next status conference, October 15, 2015, so that the parties may finalize Mr. Wilburn's plea.

Respectfully submitted,

/s/ James Darrow

James Darrow
Assistant Federal Defender
Tel: (718) 407-7416
james_darrow@fd.org

Attorney for Andre Wilburn

SO ORDERED
/s/ Pamela K. Chen
Hon. Pamela K. Chen

*Zehner v. US*
5H7 US 489, 126 s Ct 1976, 164 L.Ed 2d 740 a5s

BEFORE RAYMOND J. DEARIE
UNITED STATES DISTRICT JUDGE


Exhibit F

### CRIMINAL CAUSE FOR STATUS CONFERENCE

### APRIL 26, 2019
*Time in Court:   15 MINUTES*

DOCKET NUMBER:  **CR 19-139**(RJD)

| | | |
|---|---|---|
| U.S.A. -v- | **LAMONT BROWN (On Bond)** | |
| | **COUNSEL:  GARY FARRELL (CJA)** | |
| U.S.A. -v- | **ADAM MICEK (On Bond)** | |
| | **COUNSEL:  MITCHELL ELMAN (RETAINED)** | |
| U.S.A. -v- | **KEVIN NELSON (On Bond)** | |
| | **COUNSEL:    NOAM BIALE (CJA)** | |
| U.S.A. -v- | **ANDRE WILBURN (On Bond)** | |
| | **COUNSEL:  SAMUEL JACOBSON for James Darrow (LAS)** | |

**AUSA:     VIRGINIA NGUYEN**
**PRE TRIAL OFFICER: AMANDA CARLSON**

COURT REPORTER:  *ANTHONY FRISOLONE*

X     CASE CALLED FOR STATUS CONFERENCE.
DISCUSSION HELD.
ALL COUNSEL AGREE TO HAVE CASE DESIGNATED AS COMPLEX IN LIGHT
OF VOLUMINOUS DISCOVERY.
TIME EXCLUDED FROM TODAY THROUGH 7/26/2019.
AS TO DEFENDANT ADAM MICEK(#2): DISCUSSION HELD REGARDING
PRETRIAL SERVICES MEMORANDUM DATED 4/25/2019, CONDITIONS
OF RELEASED MODIFIED AS FOLLOWS: *"The defendant is not to possess
any internet capable devices except for one authorized cellular telephone, to be
monitored by Pretrial Services for the duration of this case; and that the defendant
pay the cost of computer monitoring based on his ability to pay as determined by
Pretrial Services"*.
MITCHELL ELMAN REQUESTS THAT HIS CLIENT BE CONSIDERED
FOR PLACEMENT IN THE P.O.P. PROGRAM.
CASE ADJOURNED TO 7/26/2019 AT 10:30AM FOR ALL DEFENDANTS.

[illegible] UNITED STATES DISTRICT JUDGE

CRIMINAL CAUSE FOR STATUS CONFERENCE

[illegible], 2019
Time in Court: [illegible] MINUTES

DOCKET NUMBER: CR [illegible]

U.S.A. -v- LAMONT [illegible] (On Bail)
COUNSEL: GARY [illegible] (CJA)
U.S.A. -v- ADAM MICEK (On Bail)
COUNSEL: MITCHELL ELMAN (RETAINED)
U.S.A. -v- KEVIN [illegible]SON (On Bail)
COUNSEL: NOAM [illegible] (CJA)
U.S.A. -v- ANDRUS WILFR[illegible] (On Bail)
COUNSEL: RAPHAEL [illegible] for James Darrow (CJA)

AUSA: VIRGINIA NGUYEN
PRE TRIAL OFFICER: AMANDA [illegible]

COURT REPORTER: ANTHONY MANCUSO

X CASE CALLED FOR STATUS CONFERENCE.
DISCUSSION HELD.
ALL COUNSEL AGREE TO HAVE CASE DESIGNATED AS COMPLEX IN LIGHT OF VOLUMINOUS DISCOVERY.
TIME EXCLUDED FROM TODAY THROUGH 7/26/2019.
AS TO DEFENDANT ADAM MICEK, DISCUSSION HELD REGARDING PRETRIAL SERVICES MEMORANDUM DATED 4/[illegible]/2019, CONDITIONS OF RELEASED MODIFIED AS FOLLOWS: "*The defendant is not to possess any internet capable devices except for one authorized cellular telephone, to be monitored by Pretrial Services for the duration of this case, and that the defendant pay the cost of computer monitoring based on his ability to pay as determined by Pretrial Services*".
MITCHELL ELMAN REQUESTS THAT HIS CLIENT BE CONSIDERED FOR PLACEMENT IN THE P.O.P. PROGRAM.
CASE ADJOURNED TO 7/26/2019 AT 10:00 AM FOR ALL DEFENDANTS.

Delivery via USPS First-Class Mail

The Hon. Raymond J. Dearie
United states District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: United States v. Andre Wilburn, No. 19-CR-139 (RJD)


On June 23, 2017, Amtrak Office of Inspector General (OIG) Special Agent (SA), Gary Lapater requested eBay records of the account "richjack". Evidence, transaction history, sales, purchases, and messages were gathered on June 27, 2017. The account had the phone number (619)403-9255 and email address "dre@nycg.co" attached.

On November 29, 2017, Amtrak OIG SA Christopher Carr requested PayPal records of a PayPal account with phone number (323) 213-9334 and email address dre@nycg.co attached. Evidence, including all transaction history was gathered on January 03, 2018.

In July 2018, the results of these searches and a "flight reservation" led agents to search a Google account, "dre@linkrange.com" for "evidence of fraud." There is no evidence of "dre@nycg.co" email address ever being searched for "evidence of fraud", despite this being the email address attached to both eBay and PayPal accounts.

Approximately 2 months later, on September 08, 2018, HSI agents conducted an unlawful search, due to the lack of particularity of the warrant and the warrant not authorizing any items to be seized at all, of the Defendants Manhattan

apartment ("the premises") after forcefully entering because no one was home.
During the course of the ~~premises~~ search, agents proceeded to go beyond the scope of
the warrant and seize several items from the premises, including company PVC
card printer, "camera, SD Cards, US Passport, business cards, laptop, bill [money] counter,
two Xbox hard drives, eight cell phones, credit card scanner + printer, embosser, misc.
credit cards, misc docs, and fake $100 bill." The lack of detail with this official
inventory, especially in regards to the electronics which all have unique serial
numbers is troubling. Defendant does not know exactly what was taken from
him during this search and has never received an official inventory of items
unlawfully ~~confiscated~~ (seized) from the premises. [see exhibit "A"]

On January 16, 2019, defendant was arrested in the ~~Eastern~~ Southern District
of California on an arrest warrant issued in the Eastern District of New York on
September 07, 2018, one day after the search of the premises. Defendant has yet
to see the full arrest warrant as of the date of this writing. [see Exhibit "I"]

On January 29, 2019, defendant appeared in Court for the first time in
the SD Cal, during which time appointed counsel, CJA attorney Marc Gallar,
waived all rights to the setting of bail and a detention hearing without Defendants
consent or knowledge. Counsel refused to provide court transcripts.

The next day, on January 30, 2019, defendant also allegedly waived his
right to an identity hearing, despite defendants signature being noticeably
absent from the form entitled, "Waiver of Rule 5(c) and 5.1(a) hearings.
[see exhibit "B"]

On February 15, 2019, a sealed arrest warrant/complaint was issued for
remaining co-defendants. On February 19, 2019, defendant was ordered to detention.
[see exhibit E "order of Detention"]

In March 2019, defendant and all alleged co-accused were indicted on
a Six Count indictment.

On March 19, 2019, an HSI Agent, Joshua Croft [see exhibit "C"] swore before an unknown judge (illegible signature with no printed name beneath signature) of the New York County [Manhattan] Criminal Court authorizing a second search of the premises by local police [NYPD]. The application directed officers to search, retain, and reproduce all Google data. Search was directed to the Manhattan District Attorneys Office. The search was conducted the following day on March 20, 2019, during which time agents seized "Nys 10 Cord" from the premises. This second search was conducted pursuant an illegal search and seizure (09/06/18 search). It should also be noted that the Defendant did not receive either of these warrants from counsel and they were sent ~~from the~~ by the Defendants mother along with dozens of other documents hidden from Defendant due to his incarceration.

On March 20, 2019, defendant and ~~3~~ co-accused were arraigned on the indictment, which was filed ~~more than 30 days after arrest~~ more than 30 days after all Defendants were arrested, offending the Fifth Amendment right to be prosecuted by indictment. T 18 USC 3161(b) and 18 USC 3162(a)(1) require dismissal of charge that was leveled against defendant in complaint that occasioned his arrest if charge was not contained in indictment that was filed within 30-days of arrest. Defendant was not present and counsel, James Darrow of the Federal Defenders of New York, entered a plea of "not guilty" on his behalf without his knowledge. Attorney for the government erroneously identified as "AUSA" on official court documents. [see Exhibit "D"]

On March 29, 2019, Amtrak OIG SA Christopher Corr, requested eBay records of the account "richjerk." Evidence was gathered on April 05, 2019.

At the April 26, 2019 status hearing, all 4 co-accused were on record as being "On Bond," despite Wilburn remaining in custody since arrest. Micek bail conditions were modified and case was "designated as complex in light of voluminous discovery." Defendant has not seen or had access to the voluminous discovery in this case. Speedy trial time excluded until July 26, 2019. The speedy Trial act was again violated by the 91-day continuance granted on April 26,

2019, because this continuance - which exceeded the maximum 70-day delay generally provided in 18 USC 3161(c)(1) - was not excluded from the speedy-trial clock, and the Defendant is not judicially estopped from challenging the excludability of a 91-day continuance. See Zedner v. United States, 547 US 489 (2006). [see exhibit "D" - 91-day continuance]

At the July 26, 2019 status conference, government attorney Virginia Nguyen was identified as AUSA on official court documents. She then advised of plea negotiations from all co-accused, and speedy trial time was excluded until September 20, 2019 "in the interest of justice."

Three days later, on July 29, 2019, defendant received a discovery CD from counsel that contained "large spreadsheets of PayPal and eBay account records." But the case number 19-CR-108 was for the pending case before Chief Judge Brodie. [see Exhibit "F" July 29, 2019 Discovery Letter]

From on or about August 1, 2019, counsel began to aggressively coerce defendant into signing plea using misrepresentation tactics despite never conducting any investigation beyond the prosecutions narrative (counsel did not interview witnesses, co-accused nor did he ask about or discover any mitigating evidence, etc.) The plea ensured a mandatory minimum [2-year] sentence for 1028A, despite defendant explaining to counsel that he did not know credit card numbers belonged to another person. Counsel refused to ask for defendant's version of events. Defendant requested Grand Jury demo-graphics, ages, race, genders, freeholder status, economic status and inquired about the lack of foreperson signature on indictment. Counsel did not investigate as of April 21, 2021. [see Exhibit "G" - Elements Sheet and Plea Agreement]

On September 03, 2019, counsel's paralegal sent a letter to defendant along with plea agreement. The letter was sure to note that "plea agreement offer expires on "September 20, 2019, the anticipated date of the next status conference. The plea that was offered did not benefit the defendant at all and

pg.5

was essentially a waiver of several rights, including appeal rights, for a quick and easy disposition of the case for the prosecutor. Government [prosecutor] did not present discovery to counsel. Or if the prosecutor did show counsel relevant discovery, counsel did not present it to defendant. Defendant argued search issues; counsel took over 24 months to ☒draft a suppression motion that would weaken prosecutions case and never showed apartment [the premises] search warrant to defendant. The premises search warrant [exhibit "A"] was received ☒ through defendants mom almost 16 months after guilty plea. Defendant also argued "knowing" element of 1028A since he was not aware of CC number belonging to another person and did not know all of the elements of the alleged crimes prior to signing plea. Defendant proceeded to request a conditional plea to protect his appeal rights since he did not fully understand the plea agreement, and refused to sign. Counsel claims he has never heard of a conditional plea in this Circuit in 15 years and never told government about defendant's conditional plea request.

On September 19, 2019, counsel wrote a letter informing the court that defendant "intends to plead guilty," despite defendant being unaware of his own intent to plead guilty. Counsel misrepresented defendant when he told defendant that September 20, 2019 was just a simple status and could be waived so that defendant does not have to be inconvenienced by waking up at 5AM for Court, when his true intent was to inform the Court of Defendant's intent to plead guilty without defendant's consent or knowledge. [see Exhibit "H" - September 19 letter]. The letter contends that "the defense does not object to the exclusion of speedy trial time between now and... October 25, 2019." Counsels misrepresentation was why defendant had no qualms with moving the date. Had defendant known the true intention of counsel at the time, he would not have agreed to continuance.

On October 11, 2019, counsel's paralegal sent the same plea to defendant with an Elements Sheet from SAUSA [see exhibit "G"-plea agreement and Elements Sheet]. Counsel went on to tell defendant that "it was a good plea" and "[defendant] won't get a better offer." All of

this despite counsels refusal to conduct an investigation beyond the SAUSA's [prosecutor's] narrative and defendant insisting that he did not know that any of the access devices belonged to another real person. Counsel failed to discuss pretrial/trial strategies, suppression of evidence, challenging warrants, confirm existence of forensic expert or investigator, determine defendants true level of culpability, discuss elements of statutes in a meaning-ful way, discuss guidelines and consequences of plea, discuss benefits of plea as opposed to going to trial, and never presented defendant with all Rule 16 material [discovery]. Counsel ~~also~~ also stated that a guilty plea would ensure that the government would cease their search of Google Drive contents, even though he knew of second search of the premises which directed and authorized members of New York County District Attorney's Office to "print and... reproduce all the data, information, and images ... and retain them for the purpose of... potential discovery obligations in any related prosecution." [see exhibit "A" pg. 7 # 3]

Based on this information, not known at the time to be a fraudulent misrepresentation by counsel ~~defendant~~ defendant proceeded to sign plea agreement moments before October 24, 2019 allocution before Magistrate Bloom. These cases, this one and the one before Chief Judge Brodie are closely intertwined and Defendant believes guilty plea was coerced in order to prevent the discovery of key mitigating evidence in both cases. Since plea also, unknowing at the time, contains a waiver of discovery "defendant waives any right to additional disclosure from government. All Court records, including complaint and indictment point to 2018 as the year investigation began, despite defendant now having evidence of investigation beginning ~~as for~~ as far back as May 2017. This is a summary of newly discovered information not known at the time of the guilty plea being signed.

Respectfully Submitted

Andre Wilburn



Exhibit "A"

Search and Seizure Warrant

Warrant not returned to Clerk of the Court

Exhibit "A" contains 10 pages

## ATTACHMENT A

### Property to be searched

The property to be searched is 189 Allen Street, Apartment 16J, New York, New York 10002 (the "SUBJECT PREMISES") and a Samsung Galaxy cell phone (the "SUBJECT CELL PHONE"). The SUBJECT PREMISES is a two-bedroom apartment located within the 17-story building, which is a public housing development maintained by the New York City Housing Authority located at the corner of Allen Street and Stanton Street. The front door of the SUBJECT PREMISES is on the 16th floor, identified by a label marked "16J" affixed above the door knocker, and a second label marked "16J" within the knocker, as depicted in the two images below.



AO 93 (SDNY Rev. 01/17) Search and Seizure Warrant (Page 2)

## Return

| Case No.: | Date and time warrant executed: 9/6/18 @ 1515 hrs | Copy of warrant and inventory left with: in residence |
|---|---|---|

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:

see attached

## Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the Court.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

AO 93 (SDNY Rev. 01/17) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

**18 MAG 7476**

In the Matter of the Search of

*Briefly describe the property to be searched
or identify the person by name and address)*

See Attachment A

)
)
)
)
)
)

Case No.

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ Southern _____ District of _____ New York _____
*(identify the person or describe the property to be searched and give its location):*

See Attachment A

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

See Attachment A

The search and seizure are related to violation(s) of *(insert statutory citations):*

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before _____ September 12, 2018 _____

*(not to exceed 14 days)*

☐ in the daytime  6:00 a.m. to 10 p.m.     ☑ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to the Clerk of the Court. ☑ Upon its return, this warrant and inventory should be filed under seal by the Clerk of the Court.

*USMJ Initials*

☑ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☑ for _____ 30 _____ days *(not to exceed 30).*

☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:     8/29/18   5:15 P.M.

*Judge's signature*

City and state:     New York, NY

Hon. Barbara C. Moses, USMJ

*Printed name and title*

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

In the Matter of the Search of
(Briefly describe the property to be searched or identify the person by name and address)

See Attachment A

Case No.

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the Southern District of New York (identify the person or describe the property to be searched and give its location):

See Attachment A

The person or property to be searched, described above, is believed to conceal (identify the person or describe the property to be seized):

See Attachment A

The search and seizure are related to violation(s) of (insert statutory citations):

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

YOU ARE COMMANDED to execute this warrant on or before September 12, 2018 (not to exceed 14 days)

☐ in the daytime 6:00 a.m. to 10 p.m. ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to the Clerk of the Court. Upon its return, this warrant and inventory should be filed under seal by the Clerk of the Court. USMJ Initials

☒ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized (check the appropriate box) ☐ for 30 days (not to exceed 30). ☐ until, the facts justifying, the later specific date of

Date and time issued: ______________________ Judge's signature

City and state: New York, NY ______________________ Hon. Barbara C. Moses, USMJ
Printed name and title

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

IN THE NAME OF THE PEOPLE OF THE STATE OF NEW YORK
TO ANY POLICE OFFICER OF THE CITY OF NEW YORK

### SEARCH WARRANT

Proof by affidavit having been made this day before me by Special Agent Joshua Croft Shield No. 6086 of Homeland Special Investigations ("HSI") (i) that there is probable cause to believe that certain property, evidence, and records, may be found at 189 Allen Street, Apartment 16J, New York, NY ("THE TARGET PREMISES") and in records relating to the following: (1) data extractions from the email account, DRE@LINKRANGE.COM, from the Google response dated July 25, 2018, issued by Google.com issued pursuant to a search warrant issued by The United States District Court for the Eastern District of New York on July 13, 2018, contained on hard drives bearing the following serial numbers: WMAY03631452, WMAY02530786, WCAV59377338 and (2) data extractions from electronic devices that were recovered from 189 Allen Street, Apartment 16J, New York, NY pursuant to a search warrant duly executed on September 6, 2018, issued by the United States District Court for the Southern District of New York on August 28, 2018 , contained on hard drives bearing the following serial numbers: WMAY03631452, WMAY02530786, WCAV59377338 ("THE TARGET DEVICES"), said electronic devices and extractions being listed more fully in Exhibit "D", and (ii) that there is probable cause to believe that the property, as described in greater detail below, constitutes evidence and tends to demonstrate that a crime was committed, that a particular person participated in the commission of a crime, and that THE TARGET PREMISES, the TARGET ACCOUNT, and the TARGET DEVICES was used, or was possessed for the purpose of being used, to commit or conceal the commission of a crime, to wit:

N00559-2019

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

IN THE NAME OF THE PEOPLE OF THE STATE OF NEW YORK
TO ANY POLICE OFFICER OF THE CITY OF NEW YORK

SEARCH WARRANT

Proof by affidavit having been made this day before me by Special Agent Joshua Croft Shield No. 6086 of Homeland Special Investigations ("HSI") that there is probable cause to believe that certain property, evidence, or records, may be found at 169 Allen Street, Apartment 16J, New York, NY ("THE TARGET PREMISES") and in records relating to the following: (1) data connections from the email account [illegible] from the Google response dated July 25, 2018, issued by Google.com issued pursuant to a search warrant issued by the United States District Court for the Eastern District of New York on July 13, 2018 contained on hard drives bearing the following serial numbers: WMAY05651452, WMAY02530786, WCAV59377385 and (2) data connections from electronic devices that were recovered from 169 Allen Street, Apartment 16J, New York, NY pursuant to a search warrant duly executed on September 4, 2018 issued by the United States District Court for the Southern District of New York on August 28, 2018 contained on hard drives bearing the following serial numbers: WMAY05651452, WMAY02530786, WCAV59377385 ("THE TARGET DEVICES"), said electronic devices and accounts being listed more fully in Exhibit "D", and (ii) that there is probable cause to believe that the property, as described in greater detail below, constitutes evidence and tends to demonstrate that a crime was committed, that a particular person participated in the commission of a crime, and that THE TARGET PREMISES, the TARGET ACCOUNT, and the TARGET DEVICES was used, or was possessed for the purpose of being used, to commit or conceal the commission of a crime, to wit:

YOU ARE THEREFORE COMMANDED, between 6:00 a.m. and 9:00 p.m., to enter, examine, search, retrieve, copy, and analyze the premises located at 189 Allen Street, Apartment 16J, New York, NY ("THE TARGET PREMISES") and to search/obtain records relating to the following: (1) data extractions from the email account, DRE@LINKRANGE.COM, from the Google response dated July 13, 2018, issued by Google.com issued pursuant to a search warrant issued by The United States District Court for the Eastern District of New York on July 27, 2018, contained on hard drives bearing the following serial numbers: WMAY03631452, WMAY02530786, WCAV59377338, and (2) data extractions from electronic devices that were recovered from 189 Allen Street, Apartment 16J, New York, NY pursuant to a search warrant duly executed on September 6, 2018, issued by the United States District Court for the Southern District of New York on August 28, 2018, contained on hard drives bearing the following serial numbers: WMAY03631452, WMAY02530786, WCAV59377338 ("THE TARGET DEVICES"), said electronic devices and extractions being listed more fully in Exhibit "D", for the below-described property, records, and evidence, and if you find such evidence or any part thereof, to bring it before the Court without unnecessary delay:

YOU ARE THEREFORE COMMANDED, between 6:00 a.m. and 9:00 p.m., to enter, examine, search, retrieve, copy, and analyze the premises located at # 188 Allen Street, Apartment 16J, New York, NY ("THE TARGET PREMISES") and to search/obtain records relating to the following: (1) data extractions from the email account: DREG@EXCHANGE.COM, from the Google response dated July 13, 2018, issued by Google.com issued pursuant to a search warrant issued by The United States District Court for the Southern District of New York on July 25, 2018, contained on hard drive bearing the following serial numbers: WMAYG3034452, WMAY0235030786, WCLYV5837705, and (2) data extractions from electronic devices that were recovered from 188 Allen Street, Apartment 16J, New York, NY pursuant to a search warrant duly executed on September 6, 2018, issued by the United States District Court for the Southern District of New York on August 28, 2018 contained on hard drives bearing the following serial numbers: WMAYG3034452, WMAY0235030786, WCLAV5837705, ("THE TARGET DEVICES"), said electronic devices and extractions being listed more fully in Exhibit "D", for the below-described property, records, and evidence, and if you find such evidence or any part thereof, to bring it before the Court without unnecessary delay.

k.  Address book information. All address books, contact lists, buddy lists, or similar information associated with THE TARGET ACCOUNT and the TARGET DEVICES, as well as any calendar data.

l.  Subscriber and payment information. All subscriber and payment information regarding THE TARGET ACCOUNT and the TARGET DEVICES, including but not limited to name, username, physical address, telephone number, alternate email addresses, registration IP address, account creation date, account status, length of service, types of services utilized, means and source of payment (including any credit or bank account numbers), and payment history.

m.  Transactional records. All transactional records associated with THE TARGET ACCOUNT and the TARGET DEVICES, including any IP logs or other records of session times and durations.

n.  Customer correspondence. All correspondence with the subscriber or others associated with THE TARGET ACCOUNT and the TARGET DEVICES, including complaints, inquiries, or other contacts with support services and records of actions taken.

o.  Preserved or backup records. Any preserved or backup copies of any of the foregoing categories of records.

k. Address book information. All address books, contact lists, buddy lists, or similar information associated with THE TARGET ACCOUNT and the TARGET DEVICES, as well as any calendar data.

l. Subscriber and payment information. All subscriber and payment information regarding THE TARGET ACCOUNT and the TARGET DEVICES, including but not limited to name, username, physical address, only one number, alternate email addresses, registration IP address, account creation date, account status, length of service, types of service utilized, means and source of payment (including any credit or bank account numbers), and payment history.

m. Transactional records. All transactional records associated with THE TARGET ACCOUNT and the TARGET DEVICES, including any IP logs or other records of session times and durations.

n. Customer correspondence. All correspondence with the subscriber or others associated with THE TARGET ACCOUNT and the TARGET DEVICES, including complaints, inquiries, or other contacts with support services and records of actions taken.

o. Preserved or backup records. Any preserved or backup copies of any of the foregoing categories of records.

The warrant/order must be executed within 10 days of the date of issuance as to the TARGET PREMISES.

The warrant/order is deemed "executed" as to the TARGET ACCOUNT and the TARGET DEVICES upon the accessing of the TARGET ACCOUNT and the TARGET DEVICES by New York County District Attorney's Office personnel, and that the search of said devices may continue thereafter for whatever reasonable time is necessary to complete a thorough search pursuant to this warrant

It is further ORDERED that such review of the materials received pursuant to this warrant may be deemed to be analysis and may continue for whatever reasonable time is necessary to complete a thorough review and analysis of the data and information therein.

The Court further authorizes members of the New York County District Attorney's Office, or authorized agents thereof, to print and otherwise reproduce all the data, information, and images by converting or copying them into storage in another device, and to retain them for the purpose of evidentiary authentication and any potential discovery obligations in any related prosecution.

4

The warrant/order must be executed within 10 days of the date of issuance as to the TARGET PREMISES.

The warrant/order is deemed "executed" as to the TARGET ACCOUNT and the TARGET DEVICES upon the accessing of the TARGET ACCOUNT and the TARGET DEVICES by New York County District Attorney's Office personnel, and that the the search of said devices may continue thereafter for whatever reasonable time is necessary to complete a thorough search pursuant to this warrant.

It is further ORDERED that such review of the materials received pursuant to this warrant may be deemed to be analysis and may continue for whatever reasonable time is necessary to complete a thorough review and analysis of the data and information therein.

The Court further authorizes members of the New York County District Attorney's Office, or authorized agents thereof, to print and otherwise reproduce all the data, information, and images by whatever or copy it them into storage in another device, and to retain them for the purpose of evidentiary authentication and any potential discovery obligations in any related prosecution.

It is further ORDERED that this affidavit and any transcript of any accompanying sworn testimony in support of this application be sealed, except that permission is granted for a DANY Assistant District Attorney to obtain a copy of the affidavit and the minutes of any sworn testimony and to disclose the affidavit and/or accompanying sworn testimony in the course of the lawful discharge of his or her duties pursuant to a criminal investigation and/or prosecution, or upon written order of the Court.

_____
Judge of the Criminal Court

Dated: New York, New York
_____3/19/19_____

It is further ORDERED that this affidavit and any transcript of any accompanying sworn testimony in support of this application be sealed, except that permission is granted for a DANY Assistant District Attorney to obtain a copy of the affidavit and the minutes of any sworn testimony and to disclose the affidavit and/or accompanying sworn testimony in the course of the lawful discharge of his or her duties pursuant to a criminal investigation and/or prosecution, or upon written order of the Court.

________________________
Judge of the Criminal Court

Dated: New York, New York

# HOMELAND SECURITY INVESTIGATIONS
# SEARCH WARRANT INVENTORY

LOCATION: _189 Allen Apt. 165_

DATE: _9/6/18_          SEIZING AGENT: _____

CASE NO: _NY07QR18NY0027_

| ITEM # | DESCRIPTION OF ITEM | DISCOVERING AGENT / TIME / ROOM |
|--------|---------------------|--------------------------------|
| | SD cards | |
| | US Passport | |
| | camera | |
| | business cards | |
| | picture of US currency | |
| | Fake #100. bill | |
| | laptop | |
| | bill counter | |
| | xbox HDD (2) | |
| | hard drives (6) | |
| | mini VHS tape | |
| | Samsung Galaxy box | |
| | cell phones (8) | |
| | box of credit card blanks | |
| | credit card scanner + printer | |
| | embosser | |
| | Misc. credit cards | |
| | Misc. docs | |
| | NYPD traffic vests (4) | |
| | LED lights (vehicle) | |
| | | |
| | | |

PAGE ___ OF ___

# SEARCH WARRANT INVENTORY

LOCATION: _____

DATE: _____

CASE NO: _____

| ITEM # | DESCRIPTION OF ITEM | DISC./VERND./AGENT / TIME / LOC./ |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

PAGE ___

# HOMELAND SECURITY INVESTIGATIONS
# SEARCH WARRANT INVENTORY

LOCATION: 189 Allen Street, Apt. 16J

DATE: 3/20/2019        SEIZING AGENT: Croft

CASE NO: _____

| ITEM # | DESCRIPTION OF ITEM | DISCOVERING AGENT / TIME / ROOM |
|---|---|---|
| 2 | Honeywell Air Purifier | |
| 4 | Kenmore Quartz Space Heater | |
| 5 | NYS ID card Andre WILBURN | |

PAGE ___ OF ___

# SEARCH WARRANT INVENTORY

LOCATION: 49 Allen Street Apt. A1

DATE: _____ SEIZING AGENT: _____

CASE NO: _____

| ITEM # | DESCRIPTION OF ITEM | DISCOVERING AGENT/TEAM BOOTH |
|---|---|---|
|  | Financial Air Purifier |  |
| 1 | Romeca Santa Clara Heaven |  |
| 2 | UK ID copy Anda MNBR1 |  |
|  |  |  |

PAGE ___ OF ___



Exhibit "B"

Waiver of Rule 5(c) and 5.1(a) HEARINGS

Exhibit 8

Waiver of Rule 5(c) and 5.1(a) Hearings

**FILED**

**JAN 3 1 2019**

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA

v.

ANDRE WILBURN

Magistrate Case No. 19MJ0204

**WAIVER OF RULE 5(c) and 5.1(a) HEARINGS**
**(Excluding Probation/Supervised Release Violation)**

I, ANDRE WILBURN, understand that in the Eastern District of New York, charges are pending alleging

violation of ~~████████████~~, and that I have been arrested in the Southern

District of California and taken before a United States Magistrate Judge, who informed me of the charge and of my

right to:

1. Retain counsel or request the appointment of counsel if I am unable to retain counsel;

2. Request transfer of the proceedings to this district pursuant to Rule 20, Fed.R.Crim.P., in order to

   plead guilty if the United States Attorneys in both districts approve the transfer in writing;

3. A preliminary hearing if required by Federal Rules of Criminal Procedure 5.1 or 58(b)(2)(G) (unless

   an indictment has been returned or an information filed) to determine whether there is probable cause

   to believe an offense has been committed by me, the hearing to be held either in this district or the

   district of prosecution; and

4. An identity hearing to determine if I am the same person named in the charging document.

I HEREBY WAIVE (GIVE UP) MY RIGHT TO A(N):

☐ identity hearing

☐ preliminary hearing

☐ identity hearing and have been informed I have no right to a preliminary hearing

☑ identity hearing but request a preliminary hearing be held in the prosecuting district and, therefore, consent
   Which is ___ EDNY ~~_____~~
to the issuance of an order requiring my appearance in the prosecuting district where the charge is pending

against me.

You didn't
sign

_____
ANDRE WILBURN
Defendant

NO
Sign

_____
Defense Counsel

1/30/19
_____
Date

J



Exhibit "C"

Joshua Croft and Christopher Carr business

Cards.



# Exhibit C



U.S. DEPARTMENT OF HOMELAND SECURITY
**HOMELAND SECURITY INVESTIGATIONS**

**Joshua Croft**
Special Agent

601 W. 26th Street, Ste. 700
New York City, NY 10001

Office: (646) 230-3200
Cell: (646) 745-7046
Joshua.E.Croft@ice.dhs.gov

---

AMTRAK
OFFICE OF INSPECTOR GENERAL
OFFICE OF INVESTIGATIONS

**CHRISTOPHER CARR**
SPECIAL AGENT

30TH STREET STATION
2955 MARKET STREET,
SUITE 2N-290
PHILADELPHIA, PA 19104

W 215.349.3218
C 215.870.8836
F 215.349.2524
CHRISTOPHER.CARR@AMTRAKOIG.GOV

Exhibit "D"



91-Day Continuance

SAUSA identified as AUSA

Exhibit "D"

O'Malley Ordinance

Shown admitted as A-104

*Zalner v. US*

*5417 US 454, 126 S.ct 1976, 164 L.Ed 2d 746 3.5.*

BEFORE RAYMOND J. DEARIE
UNITED STATES DISTRICT JUDGE

<u>CRIMINAL CAUSE FOR STATUS CONFERENCE</u>

<u>APRIL 26, 2019</u>
*Time in Court:   15 MINUTES*

DOCKET NUMBER:  <u>CR 19-139</u>(RJD)

U.S.A. -v-   **LAMONT BROWN (On Bond)**
      **COUNSEL:  GARY FARRELL (CJA)**
U.S.A. -v-   **ADAM MICEK (On Bond)**
      **COUNSEL:  MITCHELL ELMAN (RETAINED)**
U.S.A. -v-   **KEVIN NELSON (On Bond)**
      **COUNSEL:   NOAM BIALE (CJA)**
U.S.A. -v-   **ANDRE WILBURN (On Bond)**
      **COUNSEL:  SAMUEL JACOBSON for James Darrow (LAS)**

**AUSA:    VIRGINIA NGUYEN**
**PRE TRIAL OFFICER: AMANDA CARLSON**

COURT REPORTER: *ANTHONY FRISOLONE*

X    CASE CALLED FOR STATUS CONFERENCE.
    DISCUSSION HELD.
    ALL COUNSEL AGREE TO HAVE CASE DESIGNATED AS COMPLEX IN LIGHT
    OF VOLUMINOUS DISCOVERY.
    TIME EXCLUDED FROM TODAY THROUGH 7/26/2019.
    AS TO DEFENDANT ADAM MICEK(#2): DISCUSSION HELD REGARDING
    PRETRIAL SERVICES MEMORANDUM DATED 4/25/2019, CONDITIONS
    OF RELEASED MODIFIED AS FOLLOWS: "*The defendant is not to possess*
    *any internet capable devices except for one authorized cellular telephone, to be*
    *monitored by Pretrial Services for the duration of this case; and that the defendant*
    *pay the cost of computer monitoring based on his ability to pay as determined by*
    *Pretrial Services*".
    MITCHELL ELMAN REQUESTS THAT HIS CLIENT BE CONSIDERED
    FOR PLACEMENT IN THE P.O.P. PROGRAM.
    CASE ADJOURNED TO 7/26/2019 AT 10:30AM FOR ALL DEFENDANTS.



BEFORE RAYMOND J. DEARIE
UNITED STATES DISTRICT JUDGE

CRIMINAL CAUSE FOR STATUS CONFERENCE

APRIL 26, 2019
*Time in Court:* 15 MINUTES

DOCKET NUMBER: CR 19-129(RJD)

U.S.A. -v- LAMONT BROWN (On Bond)
COUNSEL: GARY FARRELL (CJA)

U.S.A. -v- ADAM MICEK (On Bond)
COUNSEL: MITCHELL ELMAN (RETAINED)

U.S.A. -v- KEVIN NELSON (On Bond)
COUNSEL: NOAM BIALE (CJA)

U.S.A. -v- ANDRE WILBURN (On Bond)
COUNSEL: SAMUEL JACOBSON for James Darrow (CJA)

AUSA: VIRGINIA NGUYEN
PRE TRIAL OFFICER: AMANDA CARLSON

COURT REPORTER: ANTHONY FRISOLONE

X CASE CALLED FOR STATUS CONFERENCE.
DISCUSSION HELD.
ALL COUNSEL AGREE TO HAVE CASE DESIGNATED AS COMPLEX IN LIGHT OF VOLUMINOUS DISCOVERY.
TIME EXCLUDED FROM TODAY THROUGH 7/26/2019.
AS TO DEFENDANT ADAM MICEK-A DISCUSSION HELD REGARDING PRETRIAL SERVICES MEMORANDUM DATED 4/25/2019. CONDITIONS OF RELEASED MODIFIED AS FOLLOWS: "*The defendant is not to possess any internet capable devices except for one authorized cellular telephone, to be monitored by Pretrial Services for the duration of this case; and that the defendant pay the cost of computer monitoring based on his ability to pay as determined by Pretrial Services*".
MITCHELL ELMAN REQUESTS THAT HIS CLIENT BE CONSIDERED FOR PLACEMENT IN THE POP PROGRAM.
CASE ADJOURNED TO 7/26/2019 AT 10:30AM FOR ALL DEFENDANTS.

Exhibit "E"

Order of Detention



# EXHIBIT F

### Open Reduction

# United States District Court
## EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

*Andre Wilburn*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 19·147M / 18·837M

In accordance with the Bail Reform Act. 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

___(1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (State or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
___ a crime of violence as defined in 18 U.S.C. §3156(a)(4).
___ an offense for which the maximum sentence is life imprisonment or death.
___ an offense for which a maximum term of imprisonment of ten years or more is prescribed in_____.
___ a felony that was committed after the defendant had been convicted of two or more prior federal offense described in 18 U.S.C. §3142(f)(1)(A)-(C), or comparable state or local offenses.

___(2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

___(3) A period of not more than five years has elapsed since the (date of conviction)(release of the defendant from imprisonment) for the offense described in finding (1).

___(4) The defendant has not rebutted the presumption established by finding Nos.(1), (2) and (3) that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community.

### Alternative Findings (A)

___(1) There is probable cause to believe that the defendant has committed an offense
___ for which a maximum term of imprisonment of ten years or more is prescribed in _____21 U.S.C. §_____
___ under 18 U.S.C. §924(c).

___(2) The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

___(1) There is a serious risk that the defendant will not appear.

___(2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by a *preponderance of the evidence/clear and convincing evidence* that no conditions will reasonably assure *defendant's appearance/the safety of the community* because
___ defendant lacks substantial ties to the community.
___ defendant is not a U.S. citizen and an illegal alien.
___ defendant has no stable history of employment.
✓ defendant presented no credible sureties to assure his appearance.
✓ but leave is granted to reopen and present a bail package in the future.
___ defendant's family resides primarily in_____.

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: *Feb·19* .20 *19*
Brooklyn. New York

_____
*UNITED STATES MAGISTRATE JUDGE*



# United States District Court
## EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA
v.
[illegible]

**ORDER OF DETENTION PENDING TRIAL**

Case Number: [illegible]

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

Part I - Findings of Fact

___ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (State or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
___ a crime of violence as defined in 18 U.S.C. §3156(a)(4).
___ an offense for which the maximum sentence is life imprisonment or death.
___ an offense for which a maximum term of imprisonment of ten years or more is prescribed in ___
___ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. §3142(f)(1)(A)-(C), or comparable state or local offenses.

___ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

___ (3) A period of not more than five years has elapsed since the (date of conviction)(release of the defendant from imprisonment) for the offense described in finding (1).

___ (4) The defendant has not rebutted the presumption established by finding Nos. (1), (2) and (3) that no condition or combination of conditions will reasonably assure the safety of (an)(other person(s)) and the community.

Alternative Findings (A)

___ (1) There is probable cause to believe that the defendant has committed an offense
___ for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. ___
___ under 18 U.S.C. §924(c).

___ (2) The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

Alternative Findings (B)

___ (1) There is a serious risk that the defendant will not appear.

___ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by a preponderance of the evidence and convincing evidence that no condition or combination of conditions will reasonably assure defendant's appearance or the safety of the community because

___ defendant lacks substantial ties to the community.
___ defendant is not a U.S. citizen and an illegal alien.
___ defendant has no stable history of employment.
✓ defendant presented no credible sureties to assure his appearance.
✓ but leave is granted to reopen and present a bail package in the future.
___ defendant's family resides primarily in ___

Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: [illegible]
Brooklyn, New York

UNITED STATES MAGISTRATE JUDGE

Exhibit "F"

July 29, 2019 Discovery Letter

from Counsel's [James Darrow] paralegal

Nicholas Delehanty

Exhibit "F"

# Federal Defenders
## OF NEW YORK, INC.

One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

David E. Patton
*Executive Director and*
*Attorney-in-Chief*

Deirdre D. von Dornum
*Attorney-in-Charge*

July 29, 2019

**LEGAL MAIL**
**ANDRE SHAWN Wilburn 73608-298**
MDC BROOKLYN
METROPOLITAN DETENTION CENTER
P.O. BOX 329002
BROOKLYN, NY 11232

<div align="center">

**Re: Discovery in 19-cr-00108-MKB**

</div>

Dear Mr.: Wilburn

  I hope this finds you well. Please find enclosed a disc containing discovery in your case. The discovery is large spreadsheets of PayPal and eBay account records, so it is easier to look at them on a computer as opposed to on paper. Let me know if you have any issues accessing the discovery.

        Sincerely,

        /S/ Nicholas Delehanty
        Nicholas Delehanty, Paralegal
        Federal Defenders of New York, Inc.
        1 Pierrepont Plaza, 16th Floor
        Brooklyn, NY 11201
        Office: (718) 407-7401
        Fax: (718) 855-0760
        Email: Nicholas_Delehanty@fd.org

# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
Executive Director
and Attorney-in-Chief

Eastern District
One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

Deirdre D. von Dornum
Attorney-in-Charge

July 29, 2019

<u>LEGAL MAIL</u>
ANDRE SHAWN Wilburn 75608-255
MDC BROOKLYN
METROPOLITAN DETENTION CENTER
P.O. BOX 329002
BROOKLYN, NY 11232

Re: Discovery in 19-cr-00108-MKB

Dear Mr. Wilburn:

I hope this finds you well. I have find enclosed a disc containing discovery in your case. The discovery is a large spreadsheet of Paypal and ebay account records, so it is easier to look at them on a computer as opposed to on paper. Let me know if you have any issues accessing the discovery.

Sincerely,

/S/ Nicholas Delahanty
Nicholas Delahanty, Paralegal
Federal Defenders of New York, Inc.
1 Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201
Office (718) 407-7401
Fax (718) 855-0760
Email: Nicholas_Delahanty@fd.org

# Exhibit "G"

Elements Sheet and Plea Agreement

Exhibit "G" contains 9 pages



Exhibit O

Elements Stock and Flow Agreement

NR:VTN
F. #2018R00738

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA      <u>ELEMENTS SHEET</u>

       - against -          19-CR-139 (RJD) (LB)

ANDRE WILBURN,

         Defendant.

- - - - - - - - - - - - - - - - - X

      The government respectfully submits this elements sheet to advise the Court of

the elements of access device fraud, in violation of Title 18, United States Code, Section

1029(a)(5), and aggravated identity theft, in violation of Title 18, United States Code,

Section 1029A, which are charged as Counts Two and Six, respectively, of the above-

captioned indictment.

<div align="center">Access Device Fraud</div>

      First, that a credit card account number is an access device;

      Second, that the defendant used one or more access devices issued to another

person or persons during any one-year period, and in so doing obtained anything of value

amounting to $1,000 or more;

      Third, that the defendant acted knowingly, willfully and with intent to defraud;

and

      Fourth, that interstate commerce was affected by the defendant's actions.

<u>Aggravated Identity Theft</u>

First, that the defendant knowingly used, transferred or possessed a means of identification of another person, to wit: a credit card account number;

Second, that the defendant used the means of identification during and in relation to the offense of access device fraud; and

Third, that the defendant acted without lawful authority.

Dated:       Brooklyn, New York
             October 3, 2019

RICHARD P. DONOGHUE
United States Attorney
Eastern District of New York

By:    /s/ Virginia Nguyen
       Virginia Nguyen
       Special Assistant U.S. Attorney
       (718) 254-6280

cc:    Clerk of the Court (LB) (by email)
      James Darrow, Esq. (by email)

NR:VTN
F. # 2017R01361

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA                PLEA AGREEMENT

        - against -
                                        19 CR 139 (RJD)
ANDRE WILBURN,

                Defendant.

- - - - - - - - - - - - - - - - X

            Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United

States Attorney's Office for the Eastern District of New York (the "Office") and ANDRE

WILBURN (the "defendant") agree to the following:

            1.      The defendant will plead guilty to Counts Two and Six of the above-

captioned indictment, charging a violations of 18 U.S.C. §§ 1029(a)(5) and 1028A,

respectively. The counts carry the following statutory penalties:

            Count Two: Access Device Fraud

                a.      Maximum term of imprisonment: 15 years
                        (18 U.S.C. §§ 1029(a)(5) and 1029(c)(1)(A)(ii)).

                b.      Minimum term of imprisonment: None
                        (18 U.S.C. §§ 1029(a)(5) and 1029(c)(1)(A)(ii)).

                c.      Maximum supervised release term: 3 years, to follow any term
                        of imprisonment; if a condition of release is violated, the
                        defendant may be sentenced to up to 2 years without credit for
                        pre-release imprisonment or time previously served on post-
                        release supervision
                        (18 U.S.C. § 3583(b) and (e)).

    d.     Maximum fine: Greater of $250,000, or twice the gross gain or twice the gross loss
(18 U.S.C. § 3571(b)(2), (b)(3) and (d)).

    e.     Restitution: Mandatory in the full amount of each victim's losses as determined by the Court
(18 U.S.C. §§ 3663A and 3664).

    f.     $100 special assessment
(18 U.S.C. § 3013).

<u>Count Six: Aggravated Identity Theft</u>

    a.     Maximum term of imprisonment: 2 years
(18 U.S.C. § 1028A(a)(1)).

    b.     Minimum term of imprisonment: 2 years
(18 U.S.C. § 1028A(a)(1)).

    c.     Maximum supervised release term: 1 year, to follow any term of imprisonment; if a condition of release is violated, the defendant may be sentenced to up to 1 year without credit for pre-release imprisonment or time previously served on post-release supervision
(18 U.S.C. § 3583(b) and (e)).

    d.     Maximum fine: Greater of $250,000, or twice the gross gain or twice the gross loss
(18 U.S.C. § 3571(b)(2), (b)(3) and (d)).

    e.     Restitution: Mandatory in the full amount of each victim's losses as determined by the Court
(18 U.S.C. §§ 3663A and 3664).

    f.     $100 special assessment
(18 U.S.C. § 3013).

The sentence imposed on each count must run consecutively. <u>See</u> 18 U.S.C. § 1028A(b)(2).

    2.     The defendant understands that although imposition of a sentence in

accordance with the United States Sentencing Guidelines (the "Guidelines" and "U.S.S.G.")

is not mandatory, the Guidelines are advisory and the Court is required to consider any applicable Guidelines provisions as well as other factors enumerated in 18 U.S.C. § 3553(a) to arrive at an appropriate sentence in this case. The Office will advise the Court and the Probation Department of information relevant to sentencing, including criminal activity engaged in by the defendant, and such information may be used by the Court in determining the defendant's sentence. See 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."). The Office estimates the likely adjusted offense level under the Guidelines with respect to Count Two to be 23, which is predicated on the following Guidelines calculation:

|  | | |
|---|---|---|
| Base Offense Level (§ 2B1.1(a)(2)) | | 7 |
| Plus: | Loss of more than $250,000 (§ 2B1.1(b)(G)) | +12 |
| Plus: | Involved 10 or more victims (§ 2B1.1(b)(2)(A)) | +2 |
| Plus: | Involved access devices (§ 2B1.1(b)(11)) | +2 |
| Total: | | 23 |

If the defendant clearly demonstrates acceptance of responsibility, through allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a), resulting in an adjusted offense level of 21 and a range of imprisonment of 37-46 months, assuming that the defendant falls within Criminal History Category I. Additionally, Count Six carries a mandatory term of imprisonment of 24 months, which must be served consecutively to the sentence imposed on Count Two, see

U.S.S.G. § 2B1.6, making the defendant's effective Guidelines range 61-70 months'

imprisonment. Furthermore, if the defendant has accepted responsibility as described above,

to the satisfaction of the Office, and if the defendant pleads guilty on or before October 31,

2019, an additional one-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(b),

resulting in an adjusted offense level of 20. This level carries a range of imprisonment of

33-41 months, assuming that the defendant falls within Criminal History Category I.

Because Count Six carries a mandatory term of imprisonment of 24 months, which must be

served consecutively to the sentence imposed on Count Two, see U.S.S.G. § 2B1.6, the

defendant's effective Guidelines range is 57-65 months' imprisonment.

   3. The Guidelines estimate set forth in paragraph 2 is not binding on the

Office, the Probation Department or the Court. If the Guidelines offense level advocated by

the Office, or determined by the Probation Department or the Court, is, for any reason,

including an error in the estimate, different from the estimate, the defendant will not be

entitled to withdraw the plea and the government will not be deemed to have breached this

agreement.

   4. The defendant agrees not to file an appeal or otherwise challenge, by

petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the

event that the Court imposes a term of imprisonment of 70 months or below. This waiver is

binding without regard to the sentencing analysis used by the Court. The defendant waives all

defenses based on the statute of limitations and venue with respect to any prosecution that is not

time-barred on the date that this agreement is signed in the event that (a) the defendant's

conviction is later vacated for any reason, (b) the defendant violates this agreement, or (c) the

defendant's plea is later withdrawn. The defendant further waives the right to raise on appeal or on collateral review any argument that (1) the statutes to which the defendant is pleading guilty is unconstitutional and (2) the admitted conduct does not fall within the scope of the statutes. Nothing in the foregoing waiver of appellate and collateral review rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum. The defendant waives any right to additional disclosure from the government in connection with the guilty plea. The defendant agrees that with respect to all charges referred to in paragraphs 1 and 5(a) he is not a "prevailing party" within the meaning of the "Hyde Amendment," 18 U.S.C. § 3006A note, and will not file any claim under that law. The defendant agrees to pay the special assessment by check payable to the Clerk of the Court at or before sentencing.

     5.    The Office agrees that:

        a.    no further criminal charges will be brought against the defendant for conspiracy to commit access device fraud, access device fraud, conspiracy to commit wire fraud and wire fraud, as charged in the Indictment, from in or about and between April 2016 and July 2018, it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 et seq., and at the time of sentence, it will move to dismiss the remaining counts of the Indictment with prejudice;

and, based upon information now known to the Office, it will

        b.    take no position concerning where within the Guidelines range determined by the Court the sentence should fall; and

        c.    make no motion for an upward departure under the Sentencing Guidelines.

If information relevant to sentencing, as determined by the Office, becomes known to the Office after the date of this agreement, the Office will not be bound by paragraphs 5(b) and

5(c). Should it be judged by the Office that the defendant has violated any provision of this agreement, the defendant will not be released from his plea of guilty but this Office will be released from its obligations under this agreement, including but not limited to: (a) moving for the additional one-level downward adjustment for timely acceptance of responsibility described in paragraph 2 above; and (b) the provisions of paragraphs 5(a)-(c).

6.      This agreement does not bind any federal, state, or local prosecuting authority other than the Office, and does not prohibit the Office from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the defendant.

7.      Apart from any written proffer agreements, if applicable, no promises, agreements or conditions have been entered into by the parties other than those set forth in this agreement and none will be entered into unless memorialized in writing and signed by all parties. Apart from any written proffer agreements, if applicable, this agreement

supersedes all prior promises, agreements or conditions between the parties. To become

effective, this agreement must be signed by all signatories listed below.

Dated: Brooklyn, New York
_____, 2019

RICHARD P. DONOGHUE

United States Attorney
Eastern District of New York

By: _____
Virginia Nguyen
Special Assistant United States Attorney

Approved by:

_____
Nathan Reilly
Supervising Assistant U.S. Attorney

I have read the entire agreement and discussed it with my attorney. I understand all of its
terms and am entering into it knowingly and voluntarily.

_____
ANDRE WILBURN
Defendant

Approved by:

_____
James Darrow
Counsel to Defendant

supersedes all prior promises, agreements or conditions between the parties. To become effective, this agreement must be signed by all signatories listed below.

Dated: Brooklyn, New York
_______________, 2019

RICHARD P. DONOGHUE
United States Attorney
Eastern District of New York

By: ______________________________
Virginia Nguyen
Special Assistant United States Attorney

Approved by:

______________________________
Nathan Reilly
Supervising Assistant U.S. Attorney

I have read the entire agreement and discussed it with my attorney. I understand all of its terms and am entering into it knowingly and voluntarily.

______________________________
ANDRE WILBURN
Defendant

Approved by:

______________________________
James Darrow
Counsel to Defendant

Exhibit "H"
September 19 letter

Exhibit
H

# Federal Defenders
## OF NEW YORK, INC.

One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

**David E. Patton**
*Executive Director and*
*Attorney-in-Chief*

**Deirdre D. von Dornum**
*Attorney-in-Charge*

September 19, 2019

*9/19/19*

*Granted. Time ex-*
*cluded.*

*As ordered*

s/ Raymond J. Dearie

BY ECF

The Hon. Raymond J. Dearie
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:     *United States v. Andre Wilburn*, No. 19 Cr. 139 (RJD) #4

Your Honor:

This office represents Andre Wilburn.  Mr. Wilburn intends to enter a guilty plea before the assigned magistrate judge in connection with this prosecution.  In light of that, I respectfully request that our appearance at tomorrow's status conference be waived.  The government does not object to this application.

The defense does not object to the exclusion of speedy trial time between now and what I understand to be the date of the next status conference, October 25, 2019, so that the parties may finalize Mr. Wilburn's plea.      *@ 10 am*

Respectfully submitted,

/s James Darrow

James Darrow
Assistant Federal Defender
Tel. (718) 407-7419
james_darrow@fd.org

*Attorneys for Andre Wilburn*

# Federal Defenders OF NEW YORK, INC.

One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

Deirdre D. von Dornum
Attorney-in-Charge

September 19, 2019

ECF

Honorable Raymond J. Dearie
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

9/19/19

s/ Raymond J. Dearie

Re: *United States v. Andre Williams*, No. 19 Cr. 135 (RJD)

Your Honor:

This office represents Andre Williams. Mr. Williams intends to enter a guilty plea before the assigned magistrate judge in connection with this prosecution. In light of that, I respectfully request that our appearance at tomorrow's status conference be waived. The government does not object to this application.

The defense does not object to the exclusion of speedy trial time between now and what I understand to be the date of the next status conference, October 11, 2019, so that the parties may finalize Mr. Williams's plea.

Respectfully submitted,

/s James Darrow

James Darrow
Assistant Federal Defender
Tel. (718) 407-7419
james_darrow@fd.org

Attorney for Andre Williams

Exhibit "I"



Image of First Page of ~~State~~ Arrest Warrant



# Exhibit E

Additional Reserved Quantity Requirements

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | |
|---|---|
| United States of America | ) |
| v. | ) Case No.  18-MJ-837 |
| Andre Wilburn | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| Defendant | |

## ARREST WARRANT

To:  Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

_(name of person to be arrested)_  Andre Wilburn
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment  ☐ Superseding Indictment  ☐ Information  ☐ Superseding Information  ☑ Complaint
☐ Probation Violation Petition  ☐ Supervised Release Violation Petition  ☐ Violation Notice  ☐ Order of the Court

This offense is briefly described as follows:

18 U.S.C. § 2251(a) - Sexual Exploitation of a Child
18 U.S.C. § 2252(a)(2) - Possession of Child Pornography

Date:  09/07/2018

_____
_Issuing officer's signature_

City and state:  Brooklyn, New York

The Honorable Vera M. Scanlon, U.S.M.J.
_Printed name and title_

---

### Return

This warrant was received on _(date)_ _____, and the person was arrested on _(date)_ _____
at _(city and state)_ _____.

Date: _____

_____
_Arresting officer's signature_

_____
_Printed name and title_


Received
9/14/

Andre Wilburn #73608-298
MDC Brooklyn
PO Box 329002
Brooklyn NY 11232


FOREVER USA


UNITED STATES
POSTAL SERVICE.                    Retail

**F**

US POSTAGE PAID
**$2.40**          Origin: 18704
                   09/07/21
                   4192601784-20

FIRST-CLASS PKG SVC - RTL™

0 Lb 9.20 Oz
**1000**

C030

SHIP
TO:
    225 CADMAN PLZ E
    Brooklyn NY 11201-1832

USPS TRACKING® #



9500 1104 2166 1250 6784 51

The Hon. Raymond J. Dearie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201