RECEIVED SEP 15 2021 PRO SE OFFICE

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 15 2021 ★
BROOKLYN OFFICE

rec'd 9/20/2021 JT

September 12, 2021

Delivery via First-Class mail (USPS)

The Hon. Raymond J. Dearie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

re: United States v. Andre Wilburn, No. 19-CR-139(RJD)

Dear Judge Dearie:

    The defendant respectfully submits this letter in reply to the government's response to his motions for (1) revealing the deal (EFC No.100); and discovery of statements made by (un)indicted co-accused. Below the defendant explains why his motions should be granted.

    The defendant pleaded guilty on October 24, 2019 and "sentencing has been repeatedly "delayed" for nearly two years. While the COVID-19 pandemic has played a role, MDC Brooklyn implemented video and teleconferencing which allowed for remote judicial proceedings, including sentencing. The defendant fails to understand the nexus between the pending case before Chief Judge Brodie, No. 19-CR-108, and the request for discovery in this case. There are, however, several discovery violations in that case as well which continue to hamper adequate defense. Impaired defense "skews the fairness of the entire [criminal justice] system" and may result in the conviction of an innocent person. see Barker v. Wingo 407 US 514, 532 (1972)

    Under Brady v. Maryland, 373 US 83 (1963), a prosecutor may not refuse a defendants request for evidence that is "exculpatory" and "material" to either guilt or punishment. see Kyles v. Whitley, 514 US 419, 433 (1995)(Evidence is "material" where there is a reasonable probability that its disclosure would have produced a different result at trial.) Brady applies to evidence that supports defendants

RECEIVED
SEP 15 2021
PRO SE OFFICE

claim of innocence and also evidence that weakens the government's case. The government has a Constitutional and statutory duty to disclose discovery, and that duty to disclose continues throughout the proceedings. see Cone v. Bell, 556 US 449, 469 (2009) ("[W]hen the State withholds from a criminal defendant evidence that is material to... guilt or punishment, it violates [the] right of due process of law..."); United States v. Thomas 239 F. 3d (2d Cir 2001)(duty to disclose continues... requiring government to disclose material to defense "promptly," meaning as soon as prosecutor becomes aware of it.); see also Fed. R. Crim. P. 16(c)

While it is not mandatory for the Court to review defendants letters when he is represented by counsel, it is at the sole discretion of the Court to grant such motions. Given the extraordinary and compelling circumstances of this case — like ineffective assistance of counsel, long sentencing delays, prolonged detention at MDC Brooklyn during a pandemic, and the government's reckless disregard for Brady material even prior to the October 24, 2019 guilty plea — it would be in the interest of justice, the interest of the public, and fundamental fairness to grant the defendants motions. see United States v. D'Souza, No. 88-CR-374, 1992 WL 151920 ("no compelling reason for hybrid representation.") see also Pennsylvania v. Ritchie, 480 US 39, 59 (1987) ("Unless defense... becomes aware that other... evidence was withheld and brings it to the courts attention, the prosecutors' decision" not to disclose cannot be challenged.)

The defendants motions for discovery relating to co-accused should be granted because defendant is requesting discovery which was never disclosed, like promises of leniency for co-accused (ECF No. 100), see Giglio v. United States, 405 US 150, 155 (1972)(the defendant discovered... that the government had failed to disclose a promise... made to defendants co-conspirator.) In fact, such little discovery has been made available from the government in this case — despite a duty to disclose — that on August 20, 2021, defendant's counsel mailed a brand new hard drive to the

United States Attorney's Office so that the government could copy discovery and mail it to MDC Brooklyn so that defendant could finally inspect and copy the material over 30 months after being charged. The fact that the defendant is able to show by reasonable probability that the delay in disclosing discovery changed the outcome of the case — because defendant would not have pleaded guilty and would have insisted on going to trial — is a Brady violation. see United States v. Bundy, 968 F. 3d 1019 (9th Cir 2020)(indictment was properly dismissed because given evidence that government acted with at least reckless disregard for Brady value of some evidence that prejudiced defenses ability to marshal their case...) see also Lewis v. Conn. Comm'r of Corr., 790 F. 3d 109, 122-23 (Brady violation where government failed to disclose that key witness was coached by police and induced to testify falsely because prosecution has general duty to disclose "regardless of whether the information is known only by the police and not the prosecutor.")

    Based on the preceding reasons, the defendant respectfully requests that the Court grant the defendant's motions for discovery.

Respectfully submitted,

Andre W

Andre Wilburn #73608-298
MDC Brooklyn
PO Box 329002
Brooklyn, NY 11232



NEW YORK NY 100
13 SEP 2021 PM 11 L

USMS

SPECIAL MAIL

The Hon. Raymond J. Dearie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Andre Wilburn #73608-208
MDC Brooklyn
Box 329002
Brooklyn, NY 11232

**METROPOLITAN DETENTION CENTER**
80 29TH ST, BROOKLYN, NY 11232

The enclosed letter was processed through mail procedures for forwarding to you. The letter has neither been opened nor inspected. If the writer raises a question or a problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosure to the above address.