FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 07 2022 ★
BROOKLYN OFFICE

pg 1

January 31, 2022

Delivery via United States Mail

The Honorable Raymond J. Dearie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201


RECEIVED FEB 07 2022 PRO SE OFFICE

in re: USA v. Brown et al, MJ Case no. 19-MJ-00147-SMG #4
in re: USA v. Wilburn, case no. 19-CR-139 RJD #4

Dear Judge Dearie:

In the interest of justice and fundamental fairness of the judiciary, I, Andre Wilburn, respectfully request the Court to withdraw my plea of guilty pursuant to Rule 11(d)(1) of the Federal Rules of Criminal Procedure. I would also like to be placed "at the head of the pew," Minute Entry dated January 12, 2022; Docket Entry No. 132, and demand a speedy trial pursuant to the speedy trial clause of the Sixth Amendment to the United States Constitution. The compelling reasons for both requests are set forth below.

As an initial matter, Rule 11(d)(1) specifically states, in unambiguous language, that "[a] defendant may withdraw a plea of guilty... before the court accepts the plea for any or

no reason." Therefore, the undue influence by both the Court and counsel regarding my plea withdrawal and the Constitutional violations in this case are "compelling reason[s]" to permit "hybrid representation." O'Reilly v. NY Times Co, 692 F. 2d 863, 869 (2d Cir 1982); "undue influence" (persuasion, pressure, or influence short of actual force, but stronger than mere advice, that so overpowers the dominated party's free will or judgement that he or she cannot act intelligently and voluntarily, but acts, instead, subject to the will or purposes of the dominating party) (Black's Law Dictionary, 6th Ed 1991). The most recent example of this undue influence is the cancellation of the April 12, 2022 and instead setting sentencing for April 29, 2022 at our January 12, 2022 teleconference.

    The Second Circuit Court of Appeals has explicitly instructed lower courts that "[t]he defendant and not the Court should decide what strategy should be pursued to adequately protect [his] interest. To take this choice out of his hands would deprive him of his right to conduct his defense in his manner and in accordance with his own standards." United States v. Anderson, 394 F. 2d 743, 748 (2d Cir. 1968). In the same light, the Court of Appeals has held that "[i]t is the role of the lawyer to be a professional advisor and advocate, not to usurp his clients' decisions concerning the objectives of representation." United States v. Wellington, 417 F. 3d 284, 289 (2d Cir 2005). There has been no preparation for this upcoming sentencing and I was not informed

of upcoming deadlines. Counsel remained mute and I only know of these dates, including sentencing, because I receive PACER updates from my loved ones. The fact that I was coerced into pleading guilty despite never seeing or inspecting direct evidence of these accused crimes is also an example of the undue influence routinely experienced by counsel and former counsel. Therefore, it is both in the interest of justice and a "compelling reason" to allow me to "choose and determine the objective of [my] defense" and permit "hybrid representation." McCoy v. Louisiana, 138 S.Ct. 1500 (2018); O'Reilly, supra.

In a pro se letter-motion filed November 24, 2021, I explain why I am entitled to withdraw my plea of guilty for "any or no reason," due to my change of plea hearing being conducted by Magistrate Judge Lois Bloom, and not by Your Honor. Docket Entry 116. It is undisputed that the Court has not "formally accept[ed] the plea of guilty" recommended by Magistrate Bloom since it is clear that the Court does not formally accept guilty pleas on-the-record until the date of sentencing. Therefore, I would like to respectfully withdraw my plea for the reasons set forth in Docket Entry 116. See United States v. Brown et al, case no. 19-MJ-00147-SMG, Docket Entry 80.

On January 12, 2022, it should be noted again that

my sentencing date was scheduled without my full knowledge. I consented to a status conference on April 12, 2022, not a sentencing on April 29, 2022.

And finally, I would again like to demand a speedy trial because, prior to my plea being accepted by the Court and on-the-record, the Sixth Amendment "speedy trial clause applies with full force." see U.S. Const. Amend VI; Zedner v. United States 547 US 489 (2006); United States v. Roberts, 515 F. 2d 642 (2d Cir 1975)(The speedy trial clause applies with full force at least until guilty plea has been entered by the defendant and accepted by the Court.); Docket Entry 116.

The Court's attention to this matter is greatly appreciated.

Respectfully submitted,

Andre Wilburn #73608-298
MDC Brooklyn
PO Box 329002
Brooklyn, NY 11232

Andre Wilburn #73408-298
MDC Brooklyn
PO Box 329002
Brooklyn, NY 11232

The Honorable Raymond J. Dearie
United States District Judge
Eastern District of New York
225 Codman Plaza East
Brooklyn, NY 11201

SPECIAL MAIL
28 CFR 540.18

METROPOLITAN DETENTION CENTER
80 29TH ST, BROOKLYN, NY 11232
The enclosed letter was processed through
mail procedures for forwarding to you.
The letter has neither been opened nor inspected
If the writer raises a question or a problem over
which this facility has jurisdiction, you may wish
to return the material for further information
or clarification. If the writer encloses correspondence
for forwarding to another addressee, please
return the enclosure to the above address.