UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

UNITED STATES OF AMERICA,

             - against -
                                                 **ORDER**
                                                 19-CR-139 (MKB)
                                                 19-CR-108 (MKB)

ANDRE WILBURN,

                                       Defendant.
-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       Andre Wilburn, proceeding pro se, filed a letter dated March 26, 2023, seeking an Order from the Court directing the Metropolitan Detention Center (MDC) to allow him unmonitored telephonic and video calls with his mother whom he describes as his legal representative. For the reasons discussed below, the Court denies the application.

       **I.**      **Background**

       In a motion dated October 5, 2022, Wilburn moved to relieve his court-appointed attorneys and proceed pro se. (Def.'s Mot. to Withdraw, Case No. 19-CR-108, Docket Entry No. 172.) On January 11, 2023, following a hearing pursuant to *Faretta v. California*, 422 U.S. 806 (1975), the Court granted Wilburn's request to proceed pro se and appointed standby counsel. (Min. Entry dated Jan. 11, 2023.)

       In his March 2023 letter request, Wilburn seeks an order to allow him "to make unmonitored telephonic and video legal calls from MDC to Linda M. Wilburn . . . during MDC's regular legal call hours" and (2) "[a]llow Linda M. Wilburn to call [him] at MDC, unmonitored, during regular legal call hours." (Def.'s Letter 1–2, Case No. 19-CR-139, Docket Entry No. 187.) Wilburn describes his mother as "his legal assistant and law advisor." (*Id.* at 1.)

II.    **Discussion**

Criminal defendants are entitled to the effective assistance of counsel. *United States v. Rosemond*, 958 F.3d 111, 121 (2d Cir. 2020). "[T]he provision of effective assistance requires the opportunity for confidential communication between attorney and client on pending litigation and related legal issues." *Goodwin v. Oswald*, 462 F.2d 1237, 1241 (2d Cir. 1972); *see also Kansas v. Ventris*, 556 U.S. 586, 590 (2009) (explaining that, at its "core," the right to assistance of counsel includes "the opportunity for a defendant to consult with an attorney") (quoting *Michigan v. Harvey*, 494 U.S. 344, 348 (1990)); *United States v. Mejia*, 655 F.3d 126, 132 (2d Cir. 2011) (noting that the "underlying purpose" of attorney-client confidential communications is "to encourage full and frank communication between attorneys and their clients" (citation omitted)). "[U]nreasonable interference with [an] accused person's ability to consult counsel" impairs a defendant's constitutional right to the assistance of counsel for their defense. *Benjamin v. Fraser*, 264 F.3d 175, 185 (2d Cir. 2001). A defendant's right to the assistance of counsel also extends to communications with paralegals and other paraprofessionals assisting defense counsel. *See Smith v. Coughlin*, 748 F.2d 783, 784 (2d Cir. 1984) (affirming district court's holding "that restrictions on visits by non-lawyers in the employ of [prisoner's] attorney violated the [prisoner's] constitutional rights").

While criminal defendants enjoy a great deal of discretion in choosing their counsel, defendants do not have "the right to choose any advocate," as "an advocate who is not a member of the bar may not represent clients (other than himself) in court." *Wheat v. United States*, 486 U.S. 153, 159 n.3, 159 (1988); *see also United States v. Tools*, No. 07-CR-30109, 2008 WL 2595249, at *6 (D.S.D. June 27, 2008) ("[E]very circuit which has considered the question . . . has held there is no right to representation by persons who are not qualified attorneys." (first

citing *Pilla v. Am. Bar Ass'n*, 542 F.2d 56, 58–59 (8th Cir. 1976); then citing *United States v. Anderson*, 577 F.2d 258, 261 (5th Cir. 1978); *United States v. Scott*, 521 F.2d 1188, 1191–92 (9th Cir. 1975); *United States v. Grismore*, 546 F.2d 844, 847 (10th Cir. 1976); and *United States v. Jordan*, 508 F.2d 750, 753 (7th Cir. 1975)).

A criminal defendant may also exercise "the right to forego counsel and defend himself personally." *United States v. Archambault*, 740 F. App'x 195, 198 (2d Cir. 2018) (citing *Faretta*, 422 U.S. at 819). However, "that a criminal defendant has a Sixth Amendment right to represent *himself* if he voluntarily elects to do so, does not encompass the right to choose any advocate if the defendant wishes to be represented by counsel." *Wheat*, 486 U.S. at 159 n.3; *see also United States v. Borbon*, No. 05-CR-909, 2010 WL 2998738, at *1 (S.D.N.Y. 2010) ("[B]ecause pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause" (quoting *Iannaccone v. Law*, 142 F.3d 553, 559 (2d Cir. 1998)). In foregoing counsel, "a defendant . . . relinquishes traditional benefits associated with formal legal representation." *Archambault*, 740 F. App'x at 198 (quoting *Torres v. United States*, 140 F. 3d 392, 401 (2d Cir. 1998)).

Although Wilburn has waived assistance of counsel and invoked his right to represent himself, he does not have a right to choose any advocate to assist him. *See Wheat*, 486 U.S. at 159 n.3 (clarifying that a defendant's right to represent himself does not encompass a right to choose any advocate to represent him). Because Wilburn's mother is not an attorney admitted to practice law before this Court[1] and therefore cannot represent him in this case, Wilburn has not

---

[1] The Court has no information before it indicating that Wilburn's mother is an attorney. In a subsequent letter filed with the Court, Wilburn has referred to his mother as a "legal assistant, law advisor, and attorney-in-fact." (Def.'s Letter, Case No. 19-CR-108, Docket Entry No. 222.)

3

shown that he has any entitlement to confidential communication between him and his mother. *See Garavito-Garcia v. United States*, No. 17-CV-5798, 2019 WL 5960207, at *3 (S.D.N.Y. Nov. 13, 2019) (denying a defendant's request for representation by a nonlawyer because the requested representative was "not an attorney"); *United States v. Davis*, No. 05-CR-1157, 2008 WL 1758715, at *1 (S.D.N.Y. April 16, 2008) (holding that a pro se defendant with court-appointed standby counsel who previously had six court-appointed attorneys "ha[d] no right of unqualified access to . . . a telephone"); *see also Borbon*, 2010 WL 2998738, at *1 (noting that a nonlawyer "may not represent his brother" in filing a motion to vacate, set aside, or correct his criminal sentence (citing *Iannaccone*, 142 F.3d at 558)); *United States v. Vondette*, No. 97-CR-1010, 2001 WL 34079308, at *1 (E.D.N.Y. April 11, 2001) (denying incarcerated defendant's request for "an order compelling the Bureau of Prisons to afford him 'adequate and effective use of telephonic communications'" because the defendant "had more than enough time . . . to communicate with others about his defense" and "had an adequate opportunity to discuss his defense over the telephone" during his three years of imprisonment).

### III.   Conclusion

Accordingly, the Court denies Wilburn's motion for unmonitored communications with his mother.

Dated:  May 2, 2023
         Brooklyn, New York

                                         SO ORDERED:


                                         ____s/ MKB_____
                                         MARGO K. BRODIE
                                         United States District Judge